### THOMAS GLAZEBROOK vs. WEST END STREET RAILWAY COMPANY.

Middlesex. November 21, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Personal Injuries — Negligence — Collision of Wagon and Street Car — Instructions to Jury.*

In an action for personal injuries it appeared that the plaintiff was driving with the nigh wheels of his wagon in a rail of one of the defendant's tracks. There was space enough to drive on the outside without danger of collision. The evidence was contradictory whether he attempted to get out of the rail or drove straight ahead till the wagon and car collided. His view of the car was unobstructed, and there was nothing to prevent him from turning out. *Held*, that the driver of the car had a right to assume that the plaintiff would turn out seasonably, and that the jury were rightly instructed that, when the driver became aware that the plaintiff was not going to turn out, it was his duty to do what he reasonably could to avoid a collision ; that the plaintiff could not recover if the accident was due to his own negligence; and that if he was where he ought not to have been, but was not negligent in being there, the driver was bound to do what he reasonably could to prevent injury to him.

MORTON, J. We think that the instructions given were correct, and that those requested by the plaintiff, to the refusal to give which he excepted, were rightly refused.* The plaintiff was driving with the nigh wheels of his wagon in a rail of one of the defendant's tracks. There was space enough for him to drive on the outside of the tracks without danger of collision with the cars. The evidence was contradictory whether he attempted to get out of the rail or drove straight ahead till the wagon and car collided. His view of the approaching car was unobstructed, and there was nothing to prevent him from turning out. The driver of the car

---

* The instructions requested by the plaintiff were as follows :

" 1. The plaintiff was where he had a right to be, and even if he were not it was the duty of the defendant to use all means in his power to avoid running into him. 2. Even if the plaintiff were in a place where he had no right to be, and he made his best endeavors to extricate himself, he can recover. 3. Even if the plaintiff were in a place on the road where he had no right to be, that would be no excuse for defendant to rush upon him and injure him."

had a right to assume that he would turn out seasonably. When the driver became aware that the plaintiff was not going to turn out, it was his duty to do what he reasonably could to avoid a collision. The jury were so instructed, and may have found so. The jury were also rightly instructed that the plaintiff could not recover if the accident was due to his own negligence, and that if he was where he ought not to be, but was not negligent in being there, the driver was bound to do what he reasonably could to prevent injury to him.        *Exceptions overruled.*

*C. P. Gorely,* (*H. H. Newton* with him,) for the plaintiff.

*W. B. Sprout,* for the defendant, was not called upon.