# Clark *v.* Best Manufacturing Company, Appellant.

*Negligence—Master and servant—Master's duty to warn servant of danger—Duty to provide safe place to work—Conflict of laws—Torts—Case for jury.*

1. The well settled rule that an employer must provide his employees a reasonably safe place to work does not apply where continually changing conditions necessarily expose the workmen to risk, but this exception to the rule does not obtain where it appears that the employee has been required to use a passageway, the dangers of which were not temporary and should have been known to the employer. The duty to provide a reasonably safe place to work may not be delegated and the responsibility for its performance rests upon the master.

2. Where an action is brought for injuries sustained in a foreign jurisdiction, the law of the place where the injuries occurred, not the law of the forum, applies.

3. In an action of trespass to recover damages for personal injuries, it appeared that plaintiff had been employed by defendant construction company to assist defendant's superintendent in fitting pipes, running through a concrete wall from an engine room into a tunnel; that plaintiff having been directed by the superintendent to get into the tunnel, passed through a pipe, which had been insecurely placed by defendant's employees. While returning to the engine room at the direction of the superintendent,

plaintiff attempted again to pass through the pipe when the section became overbalanced and fell several feet to the floor of the tunnel, crushing and injuring him. It appeared that access to that portion of the tunnel might have been had by a longer and less convenient way which was somewhat obstructed. Defendant company had had nothing to do with laying the concrete wall. The trial judge charged the jury that by the law of Ontario, where the accident occurred, if they found that the injury resulted from the superintendent's negligence in supervising and directing the work, there could be no recovery unless defendant had failed to delegate to the superintendent the duty of warning or instructing the employees against danger, or unless it had failed to provide a reasonably safe place for its employees in which to work. The jury found a verdict for plaintiff upon which judgment was entered. *Held,* no error.

Argued Oct. 28, 1913. Appeal, No. 187, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., May T., 1911, No. 252, on verdict for plaintiff in case of James Adams Clark, a minor, by his next friend and mother, Sadie Belle Clark, v. Best Manufacturing Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $20,375.14 and judgment thereon. Defendant appealed.

*Errors assigned,* were various instructions to the jury, various rulings of the trial judge, the refusal of the court to direct a verdict for defendants and to enter judgment for defendant n. o. v.

*A. Leo Weil,* with him *C. M. Thorp, Robert J. Dodds, William A. Seifert,* and *Reed, Smith, Shaw & Beal,* for appellant.

*H. Fred Mercer,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

This action of trespass was brought by his next friend, in behalf of James Adams Clark, a minor, to recover damages for the loss of a leg, due to the alleged negligence of the defendant company. The latter was in August, 1910, engaged as a subcontractor in furnishing and erecting the pipe work at a plant of the Superior Steel Company at Sault Ste. Marie, Ontario, Canada. The defendant is a corporation organized under the laws of Pennsylvania, having its principal place of business in Allegheny County. The plaintiff was at the time something more than eighteen years of age, and was employed by the defendant in a clerical capacity and to assist in a general way the local superintendent of construction for the defendant, who was in charge of the work at Sault Ste. Marie. It appears from the evidence, that shortly prior to the happening of the accident, which was the occasion for this suit, Anesty, the superintendent directed Clark to go with him and assist in fitting certain pipes running through a concrete wall from an engine room into a tunnel. In the course of the work he was directed to get into the tunnel, and did so by passing through a large iron pipe, resting in an opening in the wall. This pipe was one of a series of similar pipes. It had been placed loosely in position some two weeks before by defendant's employees and had been allowed to remain without being securely fastened. The defendant company was concerned with the pipe work alone, and had nothing to do with the concrete or other work. Upon the occasion in question, after completing the service required of him in the tunnel, Clark was directed to come back to the engine room; and while he was attempting to pass through the same piece of pipe by which he had entered, the section became overbalanced and fell with him some four or five feet to the floor of the tunnel, crushing and injuring him very severely. It was shown that access to that portion of the tunnel might have been had by going a distance of nearly

200 feet to its mouth, but that the way was somewhat obstructed by debris, and by a pool of water. The plaintiff was, however, removed through the mouth of the tunnel after the injury. It also appeared that in the course of the work the workmen made repeated use of the short pipes through the wall, such as that which brought about the accident to plaintiff in passing in and out of the tunnel. There was evidence tending to show that the superintendent had forbidden such use as dangerous, but nothing to show that he had ever given any such warning to Clark, nor did it appear that when he saw Clark pass through just before the accident he gave him any warning not to come back in that way.

It was conceded by both sides that the liability of defendant must be determined by the law of Ontario, where the accident occurred. At the trial counsel for defendant contended that under the evidence, it was the negligence of Anesty, the superintendent, in sending Clark into danger that caused the injury, and that under the law of Ontario he was a fellow-servant with Clark, for whose negligence the defendant was not liable. The trial judge charged the jury, that if they found the injury resulted from Anesty's negligence in supervising and directing the work, there could be no recovery under the Canadian law, except in two instances. One was in case of failure of defendant to delegate to the superintendent the duty of warning or instructing the employees against danger. The other was in case of failure to provide a reasonably safe place for the employees in which to work. He said to the jury, that if the duty to warn and instruct was delegated to Anesty, and he failed to carry out the instruction, that was the end of the case and there could be no recovery. It was only in case the jury should find that defendant had failed to delegate to its superintendent the duty to give warning, or had failed to furnish a reasonably safe place to work, and that failure in either of these respects had caused the injury, that there could be a recovery by the plain-

tiff. This was the construction placed by the trial judge upon the Canadian law, as given by him to the jury to be applied to the facts as they should find them. The question of contributory negligence upon the part of plaintiff was also submitted to the jury. The trial resulted in a verdict for the plaintiff in the sum of $20,375.14. Motions for a new trial and for judgment notwithstanding the verdict were overruled, and judgment was entered on the verdict. Defendants have appealed. From the testimony of expert witnesses called on behalf of plaintiff and defendant, and from the decisions of the Canadian courts which they cited, it was shown that under the Canadian law, an employer is bound only to provide competent servants, and having done so, is not liable to other employees for the negligence of a fellow-servant, and this without regard to the position occupied. This is in accordance with the decision in Wilson v. Merry, L. R. 1 Scotch & Div. App. (H. L.) 326. The trial judge therefore very properly instructed the jury that there could be no recovery in this case, based upon the negligence of Anesty, the superintendent. But from the case of Ainslie Mining & Ry. Co. v. McDougall, 42 Can. Sup. Ct. 420, it appears that the duty of the master to provide a reasonably safe place to work, and reasonably safe instrumentalities, is recognized by the law of Canada, and further that this duty may not be delegated, and the responsibility for its performance rests upon the master. The court below was therefore right in holding that it was for the jury to determine in the present case whether defendant had performed this duty, and if not whether its failure in this respect was the cause of plaintiff's injuries. The latter was when injured acting under the direction of the superintendent, and according to the testimony of at least two witnesses, was ordered to go through the pipe. Before issuing such an order it was the duty of the employer to see that the pipe was in safe condition to be used for passage by an employee. It was not,

however, in a safe position and had not been for two weeks, and as a consequence it fell and injured the plaintiff. These facts bring the case within the principle of the Canadian law as illustrated in the authority above cited. But it is argued that the rule requiring the provision of a safe place to work and safe instrumentalities does not apply here, because as is suggested, the accident occurred during the progress of the work. No Canadian authority is cited in support of this contention, but counsel rely on our own cases. These, however, rest upon the fact that injury occurred during continually changing conditions, which necessarily exposed the workman to the risk of injury, such as digging a ditch, excavating in a quarry, or constructing a high building. Where the environment is constantly changing, the liability of the employer cannot reasonably be extended to every passing risk from a temporary cause. The facts in this case do not bring it within that class of cases. It was necessary that the defendant's employees should pass in and out of the tunnel from the engine room, and the testimony tends to show that they used the large short pipes extending through the wall, as passage ways. The witness, Nelson, testified that Anesty himself, the superintendent, used them for that purpose. And the plaintiff testified that Anesty directed him to go through the pipe which fell. Under these circumstances, it was plainly the duty of defendant to see that the pipes were securely placed, and in safe condition for use. Instead of discharging this duty, the pipe in question was insecurely placed in the first instance and was permitted to remain in an unstable position for two weeks, until the accident occurred. Had the pipe fallen upon an employee while engaged upon the floor of the tunnel, the liability of defendant would hardly be doubted. That it fell while being used as a passageway under Anesty's direction, does not alter the situation in this respect. The Canadian cases sustain this view. In Fairweather v. Electric Co., 10 Dom. L. R. 130 (1913), the plaintiff's

husband, an employee of defendant, was drowned while engaged in cutting ice and debris which had formed on and over the apron of a sluiceway, leading from defendant's power-house through the wing-dam, from the forebay to the river. He was acting in pursuance of defendant's orders and the negligence alleged was in not providing guard-rails along the wing-dam and the forebay. These might have prevented the accident. The defendant was held to have been negligent in this respect, and, therefore, liable for the death of plaintiff's husband.

In Velasky v. Power Co., 25 West. Law Repr. (Can.) 59 (1913), plaintiff was injured by the falling of an insecure pole, belonging to defendant, when engaged in stringing· wires upon it for one Lockwood, who was working under a contract with defendant. Judgment for plaintiff was affirmed.

In Scotney v. Smith, 21 West. Law Repr. (Can.) 287 (1912), the syllabus reads: "The plaintiff, a bricklayer, was working for the defendants in the ordinary course of his employment, laying bricks to form the walls of a building, when the partly built wall upon which he was standing fell, and he fell to the ground with it and was injured. Held upon the evidence, in an action for damages for his injuries, that the wall fell because of the neglect of defendant's servants in charge of the work fully to back up each course of bricks laid,......and held, upon this state of facts, that the defendants were liable for negligence in the method adopted......It was the duty of the defendants to provide fit and proper places for the workmen to work in and a fit and proper system and suitable materials; there was a breach of this duty; the plaintiff did not consent to take the risk brought about by that breach. Ainslie Mining & Ry. Co. v. McDougall, 42 Can. Sup. Ct. 420, 424; Lindsay v. Davidson, 19 West. Law Repr. 433, 436, and Smith v. Baker, L. R. (1891) A. C. 325, followed."

It was also shown by the expert witnesses who testi-

fied as to the provisions of the Canadian law applicable to this case, that under the common law of Ontario, it is the duty of an employer to instruct and warn an inexperienced or incompetent employee. But it appeared also that this duty may be delegated, and if the delegation be to a competent person, the master will not be liable for failure to give proper warning and instructions by the person to whom the duty was delegated. The trial judge submitted to the jury the question whether the defendant had properly warned the plaintiff of danger in the use of the pipe, or had delegated to Anesty the duty of giving the warning. Its action in so doing is made the subject of complaint in the fourth and fifth assignments of error. Plaintiff was eighteen years of age, and was without experience in the work of pipe fitting, and was without knowledge of the danger attending the particular task to which he was set. He was entitled to warning of any danger to which he would necessarily be exposed. The testimony shows that no warning was given directly by defendant, and that the duty of instruction was not delegated to Anesty or to any one else. Anesty testified that he had no instructions to warn plaintiff or any of the workmen, and said that while he warned other workmen not to use the pipe, he did not give plaintiff any such warning. We see no error in submitting to the jury the question of whether the duty of defendant to give warning was performed or delegated to some one to act for it. The submission was in accordance with the decisions in Young v. Mfg. Co., L. R., 2 K. B. Div. (1907) 646, and in Canadian Northern Ry. v. Anderson, 45 Can. Sup. Ct. 355.

Counsel for appellant argue that counsel for plaintiff was permitted to shift his ground during the trial from a charge of negligence in Anesty as vice-principal to the direct negligence of defendant. This may be so, but the negligence charged in the statement of claim was failure to provide a safe place to work and safe appliances, and failure to warn and instruct the plaintiff. This would

be defendant's own negligence, and not merely that of the alleged vice-principal Anesty. In so far as the statement went, there might have been recovery for the negligence of Anesty, as vice-principal, or for defendant's own neglect. But the court below properly ruled that under the law of Ontario no recovery could be had on the former ground, but submitted the question of defendant's own negligence. We see nothing wrong in this view. Plaintiff was allowed to amend his statement by striking out claims under, and all reference to, the statutes of Ontario and the Dominion of Canada; but the statement continued to disclose a good cause of action, and one which had been included from the first. The motion to amend was called out by the request of defendant's counsel that plaintiff should elect whether to proceed under the common law or under the statute.

The question as to the amount of the verdict, and as to whether or not it was excessive, was carefully considered by the court below in passing upon the motion for a new trial. He took into consideration the terrible extent of the injury to plaintiff, and its effect upon him as shown by his present condition, and with regard to his future. The reasons given by the trial judge for refusing to disturb the verdict seem to us persuasive. They certainly indicate no abuse of discretion in refusing to grant a new trial on the ground that the verdict was excessive in amount.

The assignments of error are all overruled, and the judgment is affirmed.