## Oberholzer v. Oberholzer.

W. W. Smithers, for motion; Fox & Rothschild, contra.

MARTIN, P. J., April 19, 1929.—This suit was instituted against the owner of an automobile by the plaintiff, who was injured while a passenger in the automobile, which was operated by a person with the permission of the owner.

A statement of claim was filed alleging that it was the negligent operation of the automobile that caused the injury to the plaintiff and averring that by the law of New York, where the accident happened, "every owner of a motor-vehicle operated on a public highway is liable for injuries to persons resulting from negligence in the operation of the motor-vehicle in the business of the

owner, or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The statement of claim alleges that the automobile, at the time of the occurrence, was used and operated by a chauffeur under the express invitation and permission of defendant.

An affidavit of defense raising questions of law was filed, averring that plaintiff is not entitled to recover, "(1) Because it appears by the statement of claim that this action is founded exclusively upon an alleged liability accorded by statute in the State of New York holding all owners of automobiles liable for injuries resulting from the use of the same, irrespective of the relationship of master and servant and the doctrine of *respondeat superior* which is not in accordance with the law of the Commonwealth of Pennsylvania and is opposed to the general public policy thereof. (2) Because it does not appear from the statement of claim that the said automobile was being driven by any servant, agent or employee of the defendant on his business. (3) Because it does not appear by the statement of claim that the defendant was in the said automobile or present when the said accident occurred or had any knowledge of the whereabouts of the said automobile at the time of the happening thereof."

When an action is instituted to recover damages for an injury sustained in a foreign jurisdiction, the law of the place where the injury occurred, not the law of the forum, applies: Clark *v.* Best Manuf. Co., 243 Pa. 353.

Comity will enforce rights, not in their nature local and not contrary to the policy of the government or tribunal, no matter where arising, and without regard to whether they are of common law or statutory origin: Usher *v.* West Jersey R. R. Co., 126 Pa. 206, 210.

To justify a court in refusing to enforce a right of action which accrued under the law of another state because it is against the policy of our laws, it must appear that it is against good morals or natural justice or that for some other reason the enforcement of it would be prejudicial to the general interests of our citizens.

"The statute of another state has no extraterritorial force, but rights under it will always, in comity, be enforced, if not against the policy of the laws of the forum. In such cases, the law of the place where the right was acquired or the liability was incurred will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought. . . . It is difficult to understand how the nature of the remedy, or the jurisdiction of the court to enforce it, is in any manner dependent on the question whether it is a statutory or a common law right. Whenever, by either the common law or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties. . . . It would be a very dangerous doctrine to establish that in all cases where the several states have substituted the statute for the common law the liability could be enforced in no other state but that where the statute was enacted and the transaction occurred:" Knight *v.* West Jersey R. R. Co., 108 Pa. 250, 253 (quoting from Dennick *v.* Railroad Co., 103 U. S. 11).

The New York statute is not contrary to the public policy of this Commonwealth and the law is entitled to be recognized under the comity between the states.

It is not necessary for the automobile to have been driven by a servant, agent or employee of the defendant, or on his business, nor is it necessary for

the defendant to have been present when the accident occurred or to have knowledge of the whereabouts of the automobile at the time of the happening of the accident.

The questions of law raised by the affidavit of defense are not sufficient to prevent the entry of judgment.

And now, to wit, April 19, 1929, the affidavit of defense raising questions of law is not sustained. Defendant is given fifteen days to file a defense to the averments of fact set forth in the statement of claim.