## LOUIS J. GITOMIR *v.* UNITED RAILWAYS & ELECTRIC COMPANY.

[No. 28, April Term, 1929.]

*Decided May 24th, 1929.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Israel S. Gomborov* and *Frederick H. Hennighausen,* for the appellant.

*R. Lee Slingluff,* with whom was *J. Pembroke Thom* on the brief, for the appellee.

Parke, J., delivered the opinion of the Court.

Louis J. Gitomir sued the United Railways & Electric Company of Baltimore for the damages to his automobile received in a collision with one of the street railways cars of the defendant. The accident happened in Baltimore City on Baltimore Street, in the block between High and Exeter Streets, within the thirty minutes from half past seven to eight o'clock on the evening of December 22nd, 1926. The automobile was driven by Rose Gitomir, the wife of the plaintiff, who, with her daughter, was the only person in the automobile. The only witness for the plaintiff was his wife, and at the close of her testimony the defendant offered

no evidence, and the court directed a verdict for the defendant. The single question brought here by this appeal is whether there was any legally sufficient evidence to carry the case to the jury.

The plaintiff's wife was a competent driver. She parked the Studebaker automobile on the south side of Baltimore Street next to the curb, and went shopping, leaving the parking lights burning. It was dark and cold, and the streets were lighted. When she returned she found an automobile owned by a certain Davidove parked some distance east and in front of her automobile, but within the same block. She got in her automobile with her daughter, who sat with her on the front seat, turned on her lights, started the engine, and looked around to see if everything was all right and if she could turn out without any danger. As the automobile then started from the curb she signaled with her hand through the open window the approaching movement. As she was about to throw the engine in second gear and before the automobile had reached the railway, the automobile was suddenly struck in the rear by an approaching street railway car, which pushed the automobile forward until it was jammed between the railway car and the parked Davidove automobile. The witness was unable to state the distance the plaintiff's automobile had traveled before it was struck, or how far it was pushed before it was shoved against the other automobile.

Mrs. Gitomir did not see the approaching street car before the collision. She looked before she started to drive the automobile from the curb, but she did not look again, although there was no traffic to draw her attention, and no obstruction to her view for the distance of a block and a half down a straight and level street, past High Street, to Fallsway. She relied on her first look to see if it were safe to proceed, and did not glance back again because, she testified, there was then no street car anywhere in sight.

There is no evidence that the street car was not lighted, nor that its headlight was not burning, nor that the gong was not sounded, nor that its speed was excessive, nor that it was

not under proper control and operation at the time of the accident. In short, no affirmative act of negligence on the part of the defendant's servants causing the injury is shown, and this the plaintiff is bound to prove before there may be a recovery. The mere happening of the accident is not generally sufficient, and so here, unless actionable negligence may be inferred from the fact that the street car was not stopped in time to avoid the accident.

The resolution of this question depends upon the credibility of the witness' testimony that, after she had started her engine preparatory to moving, she looked back and there was no street car in sight, although she had a clear and unobstructed vision of a block and a half to the Fallsway. She did not look again, and did not see the street car until after it had struck the rear of the plaintiff's sedan. After looking, the witness let in the clutch, and drove the sedan from the curb, and, when she was about to put the automobile in second gear but before the automobile was in the street car track, the collision happened. In the few seconds it would have taken the automobile to move from the curb to the car tracks, the street car would not have gone the distance of a block and a half. There is no evidence that the street car was not lighted nor that its headlight was not burning, so the testimony of the witness that she looked and did not see the car must be rejected as unworthy of belief, because, if a witness testifies to having looked and not having seen what, if the witness had looked, she must have seen, the conclusion is that either she did not look or did in fact see the car approaching the point of the accident. *Sullivan v. Smith,* 123 Md. 546, 556. Upon either hypothesis, the plaintiff has failed in his proof, because there is no other testimony in the case from which the jury, short of speculation or conjecture, could say that the street car was operated at too high a rate of speed, or that those in charge of the street car saw, or should have seen, the perilous position of the plaintiff's automobile in time to avoid the accident. In the absence of all evidence on these crucial points, the plaintiff fails to show primary negligence on the part of the defendant.

The accident did not take place at a crossing, but approximately midway of a block, where the defendant was not charged with the obligation to have its car under as immediate control as at a street corner. *United Rys. Co. v. Carneal,* 110 Md. 211, 230; *Capital Traction Co. v. Contner,* 120 Md. 78, 85, 86. However, streets are public thoroughfares laid out for travel, and every user in a vehicle or on foot has a right of way over the same at any point, subject to regulations by law and to the condition that he does not unreasonably abridge or interfere with the exercise of a similar right in others. *Lake Roland etc. Co. v. McKewen,* 80 Md. 593, 602. So, the operators of a street car line along its tracks are bound to anticipate both pedestrians and vehicles occupying, moving along, or crossing its railway line between intersecting streets, and, therefore, having no superior and predominant right to the use of the streets upon which the tracks are located, are bound to operate their cars with a due regard to the safety of all users of the highway, who, in turn, must govern their actions with reference to the facts that the movement of the street cars is confined to the tracks, and that they cannot change their course, but pedestrians, riders, and vehicles may readily alter theirs, that the weight, momentum and motive power of street cars make their control and stopping more difficult than those of other methods of street transportation and travel, and that the public necessity for rapid transit supports a qualified preferential right in the carrier to the unimpeded use of its railway tracks. *State v. United Rys. Co.,* 143 Md. 112, 120; *Elliott on Railroads* (3rd Ed.), sec. 1492. Thus, if a vehicle be traveling upon the railway tracks, the carrier is negligent and liable if the street car overtake and damage the vehicle by running into it. *United Rys. Co. v. Cloman,* 107 Md. 681; *United Rys. Co. v. Seymour,* 92 Md. 425.

So, if a child leaves the sidewalk and runs out into the street and is struck by a street car under circumstances which made it negligent for the motorman not to see its peril in time to stop and avert the accident (*State v. Wash., B. & A. R. Co.,* 149 Md. 443), or if a motor truck pull out from the

curb and across the railway track in a public street, seventy-five or eighty feet away from an approaching street car, whose motorman had an unobstructed view of the truck until it was struck (*Wash., B. & A. R. Co. v. Fingles,* 135 Md. 574, 582). These and other illustrations in the reports, where a recovery was sustained against a street railway carrier for accidents taking place on a highway between intersecting streets, are instances in which there was affirmative evidence of primary negligence on the part of the carrier.

The court has been referred to no precedent for a recovery under the bare facts of the present record. The motorman had the right to assume that the driver of the automobile had seen the street car, and that no one, moving out parallel to the railway track and in the direction the approaching car was going, would suddenly attempt to drive upon the track right in front of the plainly visible street car. All those upon the highway are reciprocally bound to act and move with reasonable care with respect to rights of one another; and, consonant with a general principle of jurisprudence, every person in pursuing his lawful affairs in a lawful way has a right to assume and act on the assumption that every other person will do likewise. As a general rule, then, it is not negligence in one not to anticipate a failure of duty on the part of those who, in common with him, are making a lawful use of a public way. *Beven on Negligence* (4th Ed.), 42. So, a sudden movement from a place of safety on the street to one of evident and imminent danger near or on the track is not to be anticipated by those operating a street car between intersecting streets. *Baltimore City Pass. Ry. Co. v. Cooney,* 87 Md. 261; *State v. Wash., B. & A. R. Co.,* 149 Md. 443, 457, 459. The carrier owes no duty in such an emergency except, as soon as its servants operating the car knew, or in the exercise of normal care should have known, the danger, to use reasonable care to avoid the accident by stopping the car. If the motorman was not negligent in discovering nor in failing to discover the peril of the driver of the automobile in driving too close to the track until too late to stop the street car, there can be no recovery. If this

were not true, the law would impose upon the carrier a duty to employ a degree of care in the operation of its cars that would be commensurate with the negligent and exceptional acts of those using the highway rather than with the ordinary and usual care and caution which a man of normal sense, knowledge, and prudence would display under similar circumstances.

The plaintiff was not entitled to recover in this case, because of the absence of any evidence which was legally sufficient to show that there was any primary negligence on the part of the defendant that was the proximate cause of the accident. See *United Rys. Co. v. Perkins*, 152 Md. 105, 110-112; *Penna. R. Co. v. Construction Co.*, 153 Md. 19, 24; *Crystal v. Balto. & Bel Air Elec. Rwy. Co.*, 150 Md. 256, 262; *United Rys. Co. v. Fletcher*, 95 Md. 533, 536; *Stewart Taxi Co. v. Getz*, 118 Md. 171, 176; *Doble v. United Rys. etc. Co.*, 155 Md. 343, 349; *Hess v. United Rys. etc. Co.*, 137 Md. 605, 607-608; *Miller v. United Rys. & Elec. Co.*, 108 Md. 84, 93; *Schier v. Wehner*, 116 Md. 553, 559, 557; *Glazebrook v. Westend Street R. Co.*, 160 Mass. 239; *White v. Worcester etc. R. Co.*, 167 Mass. 45.

Since the judgment is to be affirmed on the ground that no actionable negligence on the part of the defendant was shown, it is unnecessary to discuss the question of whether any contributory negligence on the part of the wife, who was driving the automobile, could be imputed to the husband, who is the owner and plaintiff. See *Charles v. Baltimore*, 138 Md. 523, 528; *Pollock v. Watts*, 142 Md. 403, 406.

*Judgment affirmed, with costs.*