MARY AUBREY DALY, Appellant, *v.* WILLIAM TERPENING, Respondent.

Fourth Department, March 5, 1941.

*Thomas F. Zaia,* for the appellant.

*Bond, Schoeneck & King* [*Robert E. Dineen* of counsel], for the respondent.

HARRIS, J.   At Special Term the defendant-respondent herein moved under subdivision 5 of rule 107 of the Rules of Civil Practice, and on a proper set of papers to dismiss the complaint herein on the ground that the result adverse to the present plaintiff on the trial of another action (hereinafter referred to as Action No. 1) in which the present plaintiff had been the defendant, was *res adjudicata* in favor of the defendant herein and against this plaintiff herein in so far as the present action is concerned.   The Special

Term held with the present defendant and such holding is now before us for review.

Action No. 1 was brought by the present defendant as administrator of the estate of his wife, Nancy Terpening, deceased, and was for damages claimable under section 130 of the Decedent Estate Law for her death, which death was alleged to have been due to wrongful acts on the part of the present plaintiff. Tried with such Action No. 1, was an action personally brought by the present defendant against the present plaintiff (which action is hereinafter called Action No. 2) in which suit the present defendant sought reimbursement for property damage and personal injuries claimed to be due to the said alleged wrongful act; the present action, hereinafter known as Action No. 3, is one brought by the present plaintiff for the purpose of securing reimbursement from the present defendant, which reimbursement the present plaintiff claims to be due her from such defendant on account of property damage and personal injuries suffered by her during the same occurrence. All three of these actions are based on the result of a collision between two automobiles; one owned and driven by the present defendant William Terpening, in which automobile his wife was a passenger and in which collision she received injuries which resulted in her death, the other automobile owned and driven by the present plaintiff, Mrs. Daly (then unmarried and surnamed Aubrey). Actions No. 1 and No. 2 were tried together and such trial resulted in a verdict for cause of action against Mrs. Daly and in favor of Mr. Terpening in his representative capacity, administrator of his wife's estate, and in a verdict in favor of Mr. Terpening against Mrs. Daly for his personal loss as to property and injuries to himself. In addition to the general verdicts the jury made specific findings as follows: (1) That in the collision of the two cars Mr. Terpening was free of any negligence causing the accident; (2) that the plaintiff's intestate, Mrs. Terpening, was free from any such negligence; (3) that negligence of Mrs. Daly caused the accident. After such verdicts and findings were received by the trial court it set aside both verdicts, the one in favor of the estate of Mrs. Terpening unless there was an acceptance of a reduced verdict, the other in favor of Mr. Terpening on the ground that a finding that he was free of negligence was against the weight of evidence. Both of these rulings were sustained in the Appellate Division (*Terpening* v. *Aubrey*, 258 App. Div. 857). Subsequent to such affirmance Mr. Terpening, as administrator, accepted the reduction of the verdict and thus such reduced verdict stood and judgment thereon was entered against Mrs. Daly. Action No. 2 has never been retried. In such Action No. 2 Mrs. Daly interposed no counterclaim.

Action No. 3 is, in effect, what would have been an action on her counterclaim if she had interposed one.

An examination of the record of the trial in Actions Nos. 1 and 2 discloses that at the time of the collision Mr. Terpening was driving north on a street in the city of Fulton, while Mrs. Daly was driving south on the same street. Mr. Terpening claimed on the trial of Actions Nos. 1 and 2 that without cause Mrs. Daly came over to his side of the road and thus caused the collision; Mrs. Daly claimed that the collision was brought about because Mr. Terpening swung to her side of the road and to avoid him she turned toward the side of the road from which he had come and then the collision occurred. As has been said above, on the facts the jury found adversely to Mrs. Daly. The respondent herein desires to interpose a plea of *res adjudicata* in the present action, such plea being based upon such adverse findings and the subsequent judgment against Mrs. Daly in Action No. 1. The Special Term granted this motion of the defendant, in so doing saying that the plaintiff had had her day in court in Action No. 1 and was concluded by the determination of her negligence in Action No. 1.

The application of the rule of estoppel due to the doctrine of *res adjudicata* has been the subject of discussion in appellate courts many times. (*Haverhill* v. *International R. Co.*, 244 N. Y. 582; 217 App. Div. 521; *Neenan* v. *Woodside Astoria Transportation Co., Inc.*, 235 id. 9; 261 N. Y. 159; *Glaser* v. *Huette*, 232 App. Div. 119; 256 N. Y. 686; *Good Health Dairy Products Corp.* v. *Emery*, 275 id. 14; *Elder* v. *New York & Penn. Motor Express, Inc.*, 284 id. 350; *Buffalo Porcelain Enameling Corp.* v. *London Assurance Corp.*, 229 App. Div. 377; *Self* v. *International R. Co.*, 224 id. 238; *Byrne* v. *Hasher*, 249 id. 651; 275 N. Y. 474.) The effect of such rule and doctrine is well set forth in *Elder* v. *New York & Penn. Motor Express, Inc.* (*supra*), in the prevailing opinion in the Court of Appeals. From such opinion therein, there is taken the following:

" The sole question involved in this appeal is whether or not Elder can plead the judgment obtained by United against Penn. in the previous action as *res judicata.*

" No plea in bar could estop the plaintiff from enforcing his rights since he was not a party to the prior action, unless he came within an exception to the rule of mutuality, which rule is embodied in the principle of *res judicata.* When issues on the same subject-matter have once been settled by litigation between the same parties or their privies, before a court of competent jurisdiction, and the estoppel of the judgment is mutual, that is to say that the other party would be bound if the original decision had been to the contrary, then in the interest of reasonable finality of litigation

that decision should be conclusive. A well-recognized ' apparent exception to this rule of mutuality ' exists where liability for the fault of an agent or servant or indemnitee is asserted against a principal, master or indemnitor. In such case where there has been a prior judgment in favor of the agent, servant or indemnitee rendered in an action brought against him by the same plaintiff, such judgment destroys the basis of liability asserted against the principal, master or indemnitor and constitutes a complete defense to the action thereafter brought against him."

The respondent herein claims to come within the rule of estoppel and doctrine of *res adjudicata* and argues that such rule and doctrine should be applied in his favor so that there may not be an inconsistency of verdict in actions growing out of the same accident. He argues that to apply such rule and doctrine to the case now before us would require an extension of the thoughts expressed in the *Haverhill, Self* and *Elder* cases (*supra*) (in that such cases denied such extension because in those actions the persons seeking the advantage of the rule and doctrine were plaintiffs and thus used the doctrine as a sword) while he here argues that he is now standing in the position of defendant and the rule of *res adjudicata* should be used as a shield to protect him from a verdict and judgment adverse to, and inconsistent with, the one which resulted in Action No. 1. On this question we can agree neither with him, nor with the Special Term. The reason for our disagreement can well be now expressed by saying, *first*, that inconsistency cannot always be avoided and it sometimes becomes a necessity to secure the ends of justice (*Neenan* v. *Woodside Astoria Transportation Co., Inc., supra*); *second*, that we hold that a verdict in favor of the plaintiff herein would not necessarily be inconsistent with that adverse to the same person when she was defendant in Action No. 1; *third*, there is no mutuality as to the parties of the present action and those in Action No. 1. So far as the representative action for the wife's death was concerned, any qualified person could have been named as administrator, and Mr. Terpening, like any other person, would be a stranger to the action. So, here we have at least one entirely different party than there was in Action No. 1, *i. e.*, Mr. Terpening as an individual and not as the administrator of Mrs. Terpening's estate. Then we have the situation which arises on account of the differences between a driver and a passenger in an automobile which comes to accident. The positions of the driver and the passenger in the automobile are different and quite often passenger and driver differ not only in knowledge of the operation of the car and in comprehension of the dangers of the road and in appreciation of the conduct of other drivers in their then traffic. For instance, in the accident involved

in this litigation, Mrs. Daly may have given some signal or engaged some other action that would have advised the driver of the other car of the manner in which she intended to operate her car, and in so far as that driver is concerned the conduct of Mrs. Daly would not necessarily be negligence or, if negligence, a cause of the accident, and yet such conduct or action unknown or unappreciated by the passenger would result in a situation in which the operation of the car by Mrs. Daly would be causative negligence in so far as the passenger, Mrs. Terpening, was concerned. There was no privity between Mr. Terpening and his wife in so far as the handling of the car was involved. There being lacking from the present case elements of privity and mutuality and there being present the element that what would be causative negligence of Mrs. Daly in so far as the passenger was concerned, may not be causative negligence as far as the driver, Mr. Terpening, was concerned, the rule of estoppel in the nature of *res adjudicata* may not be made use of by the defendant in the present action. In examining the conduct of both drivers a jury would be entitled to weigh the actions of each driver as against the other in determining whether causative negligence existed, and it would be unfair to the present plaintiff to take from her in this action her claimed defense of freedom from causative negligence and leave her the subject of a suit which, if the doctrine espoused by the respondent herein is adopted by this court, would depend entirely on the construction by the jury of the conduct of Mr. Terpening. We should reverse the order below and deny the motion as made.

The order should be reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur. CROSBY, P. J., and DOWLING, J., in result. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.