LONNIE R. JONES *v.* ISAAC J. DICKERSON

[No. 25, January Term, 1945.]

*Decided March 2, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, J. J.

*Abraham A. Light* for the appellant.

No brief and no appearance for the appellee.

MELVIN, J., delivered the opinion of the Court.

On May 25, 1944, shortly after midnight, as the appellant, Lonnie R. Jones, was driving his automobile eastward on Harlem Avenue in Baltimore City, his car was struck by one approaching from his left and driven by the appellee, Isaac J. Dickerson. The collision took place at or near the street intersection, damaged the appellant's car beyond repair, and drove it into the front of a store building on a nearby corner. Two suits for damages resulted—one by the owner of the store property against Jones and Dickerson and the other by Jones against Dickerson. These suits were tried before the same judge, without a jury, in the Baltimore City Court. Judgment in the former suit was against the defendants, jointly, and in the latter the judgment was for the defendant, both being based on the trial court's finding that Jones, as well as Dickerson, was guilty of actionable negligence. No appeal was taken in the property owner's case, the present appeal resulting from the adjudication between the two motorists.

At the trial, no exceptions were reserved and the case, therefore, comes before us for review under Trials Rule 9 of our General Rules of Practice and Procedure. According to this Rule, "the judgment of the trial court shall not be set aside on the evidence unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The sole reason assigned for the judgment from which this appeal was taken is contributory negligence on the part of the appellant, who was the plaintiff below. The

relevant facts of the case are: Appellant was operating his car at moderate speed (about fifteen miles an hour) on Harlem Avenue, when he came to the intersection of Harlem and Fremont Avenues; he first looked to his right and then to his left and saw the appellee "coming so fast I couldn't get out of his way, and he knocked my car into the store front"; when appellant first saw appellee's car it was about mid-way of the block to the left of the intersection, and when the impact took place appellant was "near about across." He tried to get out of the way, he testified, by "stepping on the gas" but the car did not pick up fast enough to avoid collision. According to the appellee, who was the only witness for the defense, the collision took place practically in the center of the intersection of Harlem and Fremont Avenues, when both cars were going about fifteen miles an hour. He offered no explanation of his own action in moving into the intersection without even claiming to have slowed down, although the right of way was admittedly against him. There was some testimony on both sides as to a bus, or trackless trolley, which was in front of the appellant's car, but which stopped at the near corner intersection to discharge or take on passengers. However, as appellant's car passed this vehicle on its left—the direction from which appellee's car was approaching—the respective rights and obligations of the motorists were not affected by the trolley's presence in the street. There was no other evidence in the case as to the facts of the accident, except that of the witness Blackman, produced on behalf of the plaintiff (appellant). This witness was sitting in the front seat of the Jones car but did not see the Dickerson car at all before the collision took place.

On the aforegoing state of the record it is apparent (1) that the plaintiff (appellant) made out an indisputable case of primary negligence against the defendant (appellee); and (2) that the latter completely failed to meet the burden of proof upon him to show contributory negligence on the part of the former.

According to the appellee's own version of the facts of this case, he and the appellant were approaching the street intersection at approximately the same rate of speed, and both maintained this speed right up to the point of collision. The right of way being in favor of the appellant, he was entitled, under these circumstances, to assume that the driver on his left would either slow down or stop, and not proceed heedlessly on across the intersection in violation of the right of way.

The doctrine of last clear chance has no applicability here, for there was nothing about the physical conditions at this locality, or about any of the surrounding circumstances, to charge appellant with knowledge that the course he was pursuing would result in· a collision. *Legum v. State,* 167 Md. 339, 355, 173 A. 565. He had every reason to believe to the contrary, for he was the favored driver under the law and had the right to enter the intersection on the assumption that the oncoming car from his left would yield the way to him. It is not negligence in one not to anticipate a failure of duty on the part of another who, in common with him, is lawfully upon a public street or road. *Gitomir v. United Railways & Electric Co.,* 157 Md. 464, 469, 146 A. 279; *Caple v. Amoss,* 181 Md. 56, 61, 28 A. 2d 566. It is also an elementary principle that the plaintiff in a negligence action is required to use only such care to avoid a collision as a man of ordinary prudence would have employed under the circumstances. *Ericsson Line v. Hawkins,* 174 Md. 223, 198 A. 429.

We do not find upon the evidence in the instant case that the appellant failed to meet this test and must, therefore, under the rule, set aside the judgment of the trial court and enter one for the appellant for the amount of his damages, which is admitted to be $389.75.

> *Judgment reversed, and judgment entered for the appellant for $389.75 with costs.*