UNITED MUTUAL FIRE INSURANCE COMPANY et al., Plaintiffs, *v.* ANTHONY SAELI, Defendant.

Supreme Court, Special Term, Wayne County, February 12, 1947.

*Stephen V. Lines* for plaintiffs.

*James M. Ryan* for defendant.

CRIBB, J. This is a motion at Special Term for a judgment on the pleadings by the plaintiffs insofar as the first cause of action alleged in the complaint is concerned. By stipulation of attorneys all of the allegations contained in the first cause of action of the complaint, for the purposes of this motion, are admitted.

The defendant, Anthony Saeli, was the owner and operator of a Pontiac car which collided with a Cadillac automobile owned by the corporation, Olney & Carpenter, Inc., and operated by John Carpenter. As a result of this collision, Anthony Saeli brought action against Olney & Carpenter, Inc., as owner of the Cadillac automobile, under section 59 of the Vehicle and Traffic Law, and against John Carpenter as operator thereof, to recover damages for personal injuries and property damage.

Subsequent to the institution of the action by Anthony Saeli, John Carpenter brought a separate suit against Anthony Saeli to recover damages for personal injuries sustained by him. On motion by the defendant, Anthony Saeli, these actions were tried together in Supreme Court, and resulted in a verdict in favor of John Carpenter against Anthony Saeli in the sum of $7,500 and a verdict of no cause of action in the action by Anthony Saeli against John Carpenter and Olney & Carpenter, Inc.

Judgments were duly entered on these verdicts and the same have been paid by Anthony Saeli.

At the time this accident occurred Olney & Carpenter, Inc., owned a standard policy of collision insurance issued by plaintiff, United Mutual Fire Insurance Corpany with the usual $50 deductible clause contained therein. As is shown by the plead- '

ings, the damage to the Olney & Carpenter, Inc., car as a result of this collision was in the sum of $2,375. Pursuant to the terms of its policy, the United Mutual Fire Insurance Company paid to Olney & Carpenter, Inc., the sum of $2,325, which constituted their complete responsibility under the terms of the policy. This collision insurance policy carried the usual subrogation clause by the terms of which the United Mutual Fire Insurance Company, at the time of payment to Olney & Carpenter, Inc., was subrogated to any and all claims or rights of action which the said Olney & Carpenter, Inc., might have against Anthony Saeli by reason of this collision to the extent of the payment, to wit, $2,325.

The present action is by said Olney & Carpenter, Inc., and said United Mutual Fire Insurance Company against Anthony Saeli to recover damages as follows: (a) Olney & Carpenter, Inc., seeks to recover $50, which represents that part of the cause of action which remains to it upon subrogation to United Mutual Fire Insurance Company under the terms of its policy; and (b) United Mutual Fire Insurance Company seeks to recover the sum of $2,325 as subrogee under the terms of its collision insurance policy, which sum represents the amount of money paid to Olney & Carpenter, Inc., by it under the terms of said policy.

The motion should be granted in respect to the claim of the plaintiff, Olney & Carpenter, Inc., against the defendant, in the amount of $50. Saeli, Olney & Carpenter, Inc., and John Carpenter were all parties in the actions which were tried together and resulted in a verdict in favor of John Carpenter against Saeli, and a verdict of no cause of action in the action of Saeli against John Carpenter and Olney & Carpenter, Inc. These judgments were entered and the judgment against Saeli has been paid. Upon the trial of these actions the jury must have found that John Carpenter was free from negligence in any degree; that Anthony Saeli was guilty of negligence which was the proximate cause of the accident, and that Olney & Carpenter, Inc., was free from any negligence. The liability of Olney & Carpenter, Inc., being derivative in nature under section 59 of the Vehicle and Traffic Law, exists solely by reason of the acts or failure to act on the part of John Carpenter, the operator of the Olney & Carpenter, Inc., automobile, and the jury having determined that John Carpenter was free from any negligence, this finding is also applicable to Olney & Carpenter, Inc. Under these facts the plaintiff, Olney & Carpenter, Inc., may plead and rely upon the judgment against Saeli in favor of John Carpenter, obtained upon the aforesaid trial of the two actions

together, as *res judicata.* (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14.)

As to the claim of the plaintiff, United Mutual Fire Insurance Company, hereinafter referred to as the insurance company, it is admitted, for the purposes of this motion, that under its contract of insurance with the plaintiff, Olney & Carpenter, Inc., it was obligated to indemnify the latter for all loss or damage to its Cadillac automobile arising by reason of collision, in excess of $50; that said automobile came in collision with defendant's automobile causing damage to the amount of $2,375; that plaintiff insurance company paid Olney & Carpenter, Inc., such amount less $50 pursuant to its contract, and that said insurance company, upon making such payment, became and was subrogated to any and all rights, claims or causes of action which Olney & Carpenter, Inc., then had or might have in the future against defendant Saeli by reason of said collision and resultant damage.

Plaintiff insurance company was not a party to either of the previous actions. Under the contract of insurance it was liable to compensate Olney & Carpenter, Inc., for any damages to the latter's automobile resulting from the collision, less $50, and such obligation was wholly independent of defendant Saeli's negligence. However, the negligence of Saeli caused the damage to the Olney & Carpenter, Inc., automobile. This, as well as the freedom from contributory negligence on the part of John Carpenter, operator of the latter's Cadillac, was determined upon the trial of the previous actions, wherein defendant Saeli had full opportunity to litigate the issues of responsibility for the collision.

In *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14, 19, *supra*) the court said: " It is true that Mary C. Emery, not being a party to the earlier actions, and not having had a chance to litigate her rights and liabilities, is not bound by the judgments entered therein, but, on the other hand, that is not a valid ground for allowing the plaintiffs to litigate anew the precise questions which were decided against them in a case in which they were parties." So in the instant case, if plaintiff insurance company is required to go to trial upon the second cause of action set up in its complaint, defendant Saeli will be afforded an opportunity to litigate again the very same issues which were determined in the previous trials. In *Liberty Mutual Ins. C.* v. *Colon & Co.* (260 N. Y. 305, 310) the court said: " The general rule is that the estoppel of a judgment must be mutual, and since the judgment is binding only upon the parties to the action,

no stranger to the action may assert an estoppel by judgment against a party to the action. There are some well-established exceptions to that rule which are difficult to classify." It seems that the problem presented here, whether it falls within the well-established exceptions to the rule of *res judicata* or is novel in character, is subject to the same line of reasoning adopted by the court in *Liberty Mutual Ins. Co.* v. *Colon & Co. (supra)*.

The rule of *res judicata* has been adopted for the purpose of obtaining reasonable finality to litigation and avoiding unnecessary expense to litigants. To deny this motion would, in my opinion, only promote the practice which the rule is intended to obviate.

The motion for judgment on the pleadings in favor of both plaintiffs for the relief demanded in the complaint on the **first** cause of action pleaded is granted.

Let an order enter accordingly.