HASSENPLUG v. VICTOR LYNN LINES, Inc.

Clv. No. 5821.

District Court, E. D. Pennsylvania.
March 6, 1947.

Russell C. Cooney and Edward J. Corrigan, both of Philadelphia, Pa., for plaintiff.

Raymond A. White, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

The question presented here is whether or not the doctrine of the rule of res judicata applies. The plaintiff brought an action against the defendant for damages resulting from a collision between the car she was driving and a truck owned by the defendant, the accident occurring in the state of Maryland. One of the passengers riding in plaintiff's car died as a result of injuries sustained in the accident.

The deceased man's representatives brought an action joining as defendants both the plaintiff and defendant in this case, and the jury found a joint verdict in their favor. Defendant here pleads this judgment as a bar to plaintiff's right of recovery against it, alleging that the issue of plaintiff's negligence has been finally determined by a court of competent jurisdiction. Defendant seeks a rule for declaratory judgment under Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Diversity of citizenship exists between plaintiff and defendant so that no jurisdictional question is present. In the pleadings thus far, the facts and existence of the previous suit have been alleged by defendant and admitted by plaintiff, though plaintiff disputes their legal effect.

The trial of the original case was conducted in this Court. Pickerell v. Victor Lynn Lines, Inc. and Margaret Hassenplug, C. A. 5671. This Court therefore takes judicial notice of the record in that case in determining the question of res judicata. National Fire Insurance Co. of Hartford v. Thompson, 281 U.S. 331, 336, 50 S.Ct. 288, 74 L.Ed. 881; United States v. City of Philadelphia, 3 Cir., 140 F.2d 406. The propriety of invoking judicial notice would seem to be a matter governed by the liberality of the Federal Rules, rather than state law. Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 94; Zell v. American Seating Co., 2 Cir., 138 F.2d 641, 643, reversed on other grounds, 322 U.S. 709, 64 S.Ct. 1053, 88 L.Ed. 1552. It may be noted, however, that under Pennsylvania law, at least, the result would probably be the same. Jones v. Costlow, 354 Pa. 245, 47 A.2d 259.

■ Upon the substantive point of whether a joint judgment against two tortfeasors can operate to bar a suit by one against the other, state law should govern. In Hornstein v. Kramer Bros. Freight Lines, 3 Cir., 133 F.2d 143, the Circuit Court applied Pennsylvania law to determine whether the parties before it were bound by previous litigation in the Pennsylvania courts. Since the judgment relied upon here was obtained in the federal courts, the Hornstein case, strictly speaking, might not be binding, but the policy behind it seems applicable. The question of whether the rule of res judicata applied in the federal courts, in diversity of citizenship cases, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, can be other than that of the state in which the federal court sits was specifically left open in Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853. To do otherwise than apply Pennsylvania law in this situation would be anomalous. The former judgment relied upon by defendant was obtained in a federal court sitting in Pennsylvania. The court, for the substantive issues of that case, was sitting as a state court, when it rendered its judgment. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Certainly Pennsylvania law should now be used to determine the effect of that judgment in a case in the same state, where federal jurisdiction is once again based on diversity. Cf. Gordon v. Hartford Sterling Co., 350 Pa. 277, 38 A.2d 229.

There are dicta in Pennsylvania cases that identity of the cause of action sued upon is a prerequisite for the application of the res judicata doctrine, but the Pennsylvania courts recognize that the doctrine embraces two concepts. Von Moschzisker, Res Judicata, 38 Yale Law Journal 299. There is a distinction between the effect of a judgment upon the cause of action on which the judgment is based and upon a subsequent controversy between the parties based upon a different cause of action. Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1; Hornstein v. Kramer Bros. Freight Lines, supra, 133 F.2d at page 144. The operation of the res judicata prin-

ciple in the latter situation has been called collateral estoppel. Here a judgment is conclusive between the parties only as to matters actually litigated and determined in the prior action. In re Havir's Estate, 283 Pa. 292, 129 A. 101; Funk v. Young, 254 Pa. 548, 99 A. 76.

■■ Granting for the purposes of argument that the parties in this case would be regarded under Pennsylvania law as adversaries in the former suit, the issue previously litigated between the present parties was their individual negligence to the passenger in this plaintiff's car. But the issues in this action concern their negligence to each other and their rights and liabilities between themselves. When two cars collide, it is conceivable that the driver of one car can be negligent to his passenger without necessarily being precluded from recovering damages from the other driver. Moreover, the doctrine of last clear chance is recognized by Maryland, the place of the accident, (Longenecker v. Zanghi, 175 Md. 307, 2 A.2d 20) although its applicability may be limited. Cf. Legum v. State, for Use of Moran, 167 Md. 339, 173 A. 565; Jones v. Dickerson, 184 Md. 499, 41 A.2d 492. Under Pennsylvania's conflicts rules, Maryland's law of negligence controls. Clark v. Best Mfg. Co., 243 Pa. 353, 90 A. 186.

The record in the former suit might conceivably be used to show that the present plaintiff's negligence to his passenger was negligent driving only and that, therefore, his negligence to this defendant must have been established by the jury verdict against him. But that verdict could not determine the issue of last clear chance. Had the defendant in this case won in the former litigation, the Pennsylvania courts might feel that this plaintiff's suit should be barred by that verdict, as establishing the defendant's lack of negligence. But the defendant lost and is arguing not that its own due care to plaintiff, but plaintiff's lack of due care to it, has been proved. Cf. ABC Fireproof Warehouse Co. v. Atchison T. & S. F. Ry. Co., 8 Cir., 122 F.2d 657 with Daly v. Terpening, 261 App.Div. 423, 26 N.Y.S.2d 160, 163; annotations in 101 A.L. R. 104 and 142 A.L.R. 727.

The doctrine of res judicata admittedly precludes parties from demonstrating what is or may be the truth. Its justification is in public policy and this policy has no application where parties now involved in a different cause of action have not actually had determined in a previous suit the specific issue now contested between them.

Petition for declaratory judgment denied.