McCurn, J.
(dissenting). The plaintiff Olney & Carpenter, Inc., was the owner of a vehicle which, on July 15, 1945, collided with another vehicle owned and operated by-the defendant, Anthony Saeli..- At the time of the accident John Carpenter was driving the vehicle owned by the corporation, « • « * with the consent of the plaintiff, Olney & Carpenter, Inc., express or implied, on the business of the said. John Carpenter,” The accident resulted in damage to both of said automobiles and in personal injuries to their respective drivers. Anthony Saeli thereupon brought, an action against Olney & Carpenter, Inc., and John Carpenter, to recover damages for his personal injuries and property damage. John Carpenter brought an action against Anthony Saeli to recover for his' personal injuries. , These actions wefe' tried' together, resulting in a verdict of no cause of action in favor of the defendants in the. first action above mentioned, and in the second action, a verdict of $7,500 in favor of the plaintiff John Carpenter against the defendant Anthony Saeli.
The present action is one brought by Olney & Carpenter) Inc., and its collision insurance carrier as subrogee against Anthony Saeli to recover for the damage done in the accident to the Olney & Carpenter, Inc., car. The plaintiffs for a first cause of action set forth the judgments in the two -actions first mentioned alleging: “30. That'by reason of the said action hereinbefore referred to, a binding adjudication has been 'made by the courts of this state ‘that Anthony Saeli was negligent in the operation of his motor vehicle at the time and place of the accident hereinbefore referred to and that John A. Carpenter was free from any negligence in the operation of the automobile- owned by Olney & Carpenter, Inc., at the time' and place of the said accident.”- (Emphasis supplied.) Plaintiff’s first cause of action contains no allegation that the plaintiff Olney & Carpenter, Inc., was free from contributory negligence. It relies entirely upon the adjudication that the driver John Carpenter was' free from negligence.
*953 Plaintiffs moved for judgment on the pleadings on the first cause of action which judgment was granted. This appeal is from that judgment.
In order to determine whether the doctrine of res judicata is applicable, we must determine whether all of the issues necessary to determine the present action were litigated and adjudicated in either one or both of the prior actions. We are not informed by the record whether in the first action Saeli either pleaded or asserted upon the trial any negligence on the part of the corporation other than negligence of its driver, but even if he did put in issue such negligence, a decision upon that issue is not necessarily included in either of the verdicts rendered. Olney & Carpenter, Inc., the owner of the car, could have committed negligence which concurred in causing the accident and John Carpenter, the driver of the car, could have been free from negligence on his part. (See Sobel v. O’Connor, 267 App. Div. 943, affd. 293 N. Y. 924.) The verdicts rendered in the actions already tried would be consistent with such a finding by the jury. Since the doctrine of res judicata is necessarily based upon a finding that all of the issues necessary to establish the present cause of action have been adjudicated in a former litigation between the same parties or their privies, it becomes apparent the fundamental basis for that doctrine is lacking here. There is no adjudication as to the negligence or freedom from negligence of the corporate owner itself. The issues as to liability here, are not identical with those adjudicated in the prior action.
The respondents rely heavily on the case of Good Health Dairy Products Corp. v. Emery (275 N. Y. 14). In that case the owner of a vehicle was allowed, as a defense in an action against her by a third party, to set up a prior judgment in favor of the driver of her vehicle against the third party. There, the liability of the owner was wholly derivative from that of the driver and the court pointed out that the case therefore fell within certain exceptions to the rule of mutuality.
The present case does not fall within the exception to the rule since there is no question of derivative liability involved in an action by the owner against the third party. Strictly speaking, there is neither privity between the parties nor identity of the subject matter (Haverhill v. International Railway Co., 217 App. Div. 521, affd. 244 N. Y. 582). In a reverse situation, the driver could not assert affirmatively a prior judgment in favor of the owner against a third party (Elder v. New York & Penn. Motor Express, Inc., 284 N. Y. 350). Again, had Saeli won in an action against John Carpenter he could not set that up as a defense in an action against him by the corporation. John Carpenter’s negligence would not be imputable to the corporate owner. (Gochee v. Wagner, 257 N. Y. 344. See, also, Restatement, Judgments, § 96, Illustrations 4, 5; Daly v. Terpening, 261 App. Div. 423, affd. 287 N. Y. 611.)
There is neither privity of parties nor identity of the subject matter and consequently, the prior judgments may not be asserted affirmatively by the plaintiff corporation in its first cause of action against the defendant Saeli. It follows that its subrogee, the plaintiff insurance company, may not do so either.
I, therefore, dissent and vote for reversal and the denial of the motion.
All concur in memorandum, except McCuhn and Love, JJ., who dissent and vote for reversal and for granting a new trial, in an opinion by Me Cubit, J., in which Love, J., concurs. Present — Taylor, P. J., Harris, MeCurn, Larkin and Love, JJ.
Judgment and order affirmed, with costs. [188 Misc. 393.]