## LEONARD *v.* HANSON

[No. 229, September Term, 1960.]

*Decided April 6, 1961.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Daniel B. Leonard,* with whom were *Bowie, Burke & Leonard* on the brief, for the appellant.

*James P. Garland,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellee.

78

PER CURIAM.

The plaintiff-appellant seeks reversal of a judgment for the defendant-appellee, contending that the trial court, sitting without a jury, should have found that the accident in which he was injured was caused by negligence of the appellee, and that he was not guilty of any contributory negligence.

Shortly after dark, on a clear, dry day, appellant walked to the street side of his automobile, which was parked facing west at the north curb of a Baltimore street. He testified that there was a line of cars proceeding west on his side of the street, so he waited beside his car door before opening it. Appellee's car was the last in line. Appellant said it was 8 or 10 feet from where he was standing, and that had it continued its speed and course it would have been going by as he opened his door. He stated that he opened the door "about two feet, just far enough to get in", and had his head and right foot inside the car, with his left foot still on the ground, when he was struck by appellee's car. He said he was thrown against and partly into his own car, and then was mashed between the door and frame of his car as the door was pushed in against him. When asked whether he had stepped back as he opened the door, he replied, "I don't think so". He had on dark clothes. His theory was that, just after he took his eyes off appellee's car and opened his door, appellee's car must have slowed down and veered to the right, thus striking him and the door, although he testified he did not actually see it swerve or slow down.

Appellee testified that she was driving to the right of the center line of the street, fairly close to the parked cars, but following directly behind the car in front of her. She stated that she did not see appellant until, as she went by him, she had a "very quick flash of a figure getting in a car", and heard a noise (obviously her car striking his door). She denied that she swerved or turned to the right. A photograph of appellee's car showed that the damage to it from the collision with the edge of appellant's door, was a sizeable dent in the right front fender, beginning over the wheel and extending back to the forward edge of the right front door.

Significantly, although appellant testified he opened his car door only two feet, he said that when he saw appellee's car immediately after the impact it was three feet from his car. It would seem obvious that appellant opened his door a greater distance than he thought he had.

We conclude that the trial court (Judge Tucker) correctly found as facts that appellee was not guilty of primary negligence and that, even if she were, appellant was guilty of contributory negligence precluding recovery by him.

It is apparent that this accident would not have occurred if appellant had waited the few seconds necessary for appellee's car to have cleared him. Even if appellee had seen him in his position of relative safety immediately prior to the accident, she would have had the right to assume that he would remain in that position until she had safely passed. *Storrs v. Hink,* 167 Md. 194, 173 Atl. 66 (1934); *Gitomir v. United Rwys. & Elec. Co.,* 157 Md. 464, 146 Atl. 279 (1929). Cf. *Jendrzejewski v. Baker,* 182 Md. 41, 31 A. 2d 611 (1943).

This Court has said that it is contributory negligence as a matter of law for a pedestrian to leave a place of safety for a position of peril between street crossings, thereby contesting the right of way of vehicular traffic then in the street. See *Campbell v. Jenifer,* 222 Md. 106, 111, 159 A. 2d 353 (1960), and cases there cited.

When a case has been tried below without a jury, "* * * the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." Maryland Rule 886 a.

Having found no error below, we will affirm.

> *Judgment affirmed, appellant to pay the costs.*