GROVE *v.* DELP

[No. 120, September Term, 1961.]

*Decided January 10, 1962.*

The cause was argued before Brune, C. J., and Henderson, Prescott, Marbury and Sybert, JJ.

*C. Orman Manahan,* for appellant.

*James H. Langrall,* with whom were *David R. Cohan* and *Weinberg & Green* on the brief, for appellee.

PER CURIAM.

Plaintiff-appellant complains that the trial court erred in setting aside a jury verdict for her by granting defendant-appellee's motion for judgment n.o.v. on the ground that she was negligent as a matter of law. Appellant, a passenger in an eastbound automobile which had been parked on the left or "wrong" side of the main street in Ellicott City on a clear night, alighted from the right side of the car onto the street. She said she looked both ways and saw the street was clear after the car was parked, but admitted she did not look in either direction after she alighted. While standing behind the open car door and leaning back into the car to retrieve some articles on the seat, she was injured when appellee's westbound taxicab struck the open door and slammed it against her. Cars parked on either side of the street had narrowed its width for traffic to 20 feet. Visibility eastward from the point of impact was about 300 feet, there was no evidence of excessive speed on the part of appellee, and there was uncontradicted testimony that the taxicab's headlamps were lighted.

It is obvious from the evidence, viewed in a light most favorable to appellant, that she was guilty of negligence which directly contributed to the happening of the accident. She would not have been injured if she had alighted from the driver's side of the car as the driver did. Instead, she alighted in the path of oncoming traffic on a busy highway, and, without looking to see whether any vehicles were approaching *at that time,* leaned back into the car behind the door opened into the lane of traffic. Thus her own negligence in failing to maintain a proper lookout for her own safety, and in placing herself in a position where it would be difficult, if not impossible, for the taxicab driver to see her, contributed directly to her own injury. Cf. *Henderson v. Brown,* 214 Md. 463, and *Campbell v. Jenifer,* 222 Md. 106. We have said that it is contributory negligence as a matter of law for a pedestrian to leave a place of safety for a position of peril between street crossings,

thereby contesting the right of way of traffic then in the street. *Leonard v. Hanson,* 225 Md. 76. The motion for judgment n.o.v. was properly granted.

*Judgment affirmed, with costs.*