PERRERA et al. v. SMOLOWITZ et al.
Civ. No. 9170.

United States District Court
E. D. New York.

May 25, 1951.

serting plaintiffs' culpability for the collision, and damage to defendants' vehicle.

On July 30, 1948, the plaintiffs brought suit in the Court of Common Pleas, Middlesex County, New Jersey, for damages said to have been caused by the same collision to their "1947 Brockway tractor", which is understood to have been the trailer attached to their truck referred to in the first mentioned suit. Apparently that case went to judgment on November 30, 1948, pursuant to a pre-trial order dated November 5, 1948, which recites plaintiffs' damages in the sum of $5,618.78, being the amount of the judgment plus $77.70 costs. That judgment is said to have been paid.

Some two years and four months later, defendants make this motion based upon the affidavit of one of the firm of their attorneys, for leave to add to their answer of nearly three years ago, a fourth defense setting up the suit in New Jersey and the said judgment as a bar to this suit.

The argument is that the institution of the latter cause and its ripening into a judgment "precludes and forecloses those plaintiffs from ever properly instituting a *second* (italics supplied) action predicated on the identical state of facts".

The enumeration of the two cases is not in accord with the successive dates above recited.

The affidavit (p. 3, third complete paragraph) contains the following: "The facts set out above (the New Jersey judgment) have only *recently* (italics supplied) come to the attention of your deponent."

Whatever the word "recently" means in the light of the showing made in the opposing affidavit (not controverted in the replying affidavit which this time is made by one of the defendants), it is definitely unconvincing to this Court. A defendant by his conduct may waive his right to object to the splitting of a cause of action, Capital Fire Ins. Co. v. Langhorne, 8 Cir., 146 F.2d 237, at page 243; there the Court says: "The rule against splitting a cause of action is a rule for the benefit of the defendant which it may waive and which it does waive unless the issue is promptly raised." See also Porter v. Lane

Dwight, Harris, Royall, Koegel & Caskey, New York City, for plaintiffs (Caesar L. Pitassy, New York City, of counsel).

Zelby & Burstein, New York City, for defendants (Bernard Axler, New York City, of counsel).

BYERS, District Judge.

This is a defendants' motion for leave to interpose an additional defense in a case involving property damage caused by a collision of motor vehicles. The defendants' van struck the plaintiffs' truck and attached trailer on a highway in New Jersey on March 21, 1947.

This suit was filed on June 22, 1948, (jurisdiction is based upon diversity of citizenship) to recover damages sustained by plaintiffs' "Motor Vehicle—Maryland license 7676"; answer was filed by defendants' present attorneys on August 3, 1948, containing denials and a counterclaim as-

Construction Corporation, 212 App.Div. 528, at page 531, 209 N.Y.S. 54.

The defendants' delay in making this motion requires that it be denied, particularly in view of the matters now to be indicated.

There are three insurance companies involved and this is obviously a case in which they have fallen out. One represents the defendants and is said to be affiliated with the one that insured the trailer, damages to which were recovered in the New Jersey action. A third issued a policy covering damages to the tractor, i. e., the subject of this action.

It is said in the opposing affidavits that all have made advances under loan receipts, instead of paying losses.

■ That process falls short of rendering the insurer a real party in interest within Rule 17 Fed.Rules Civ.Proc. 28 U.S. C.A. which would require that suit be brought in the name of such party, if the following cases are correctly understood: Luckenbach v. W. J. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L. Ed. 170; Bradley v. Lehigh Valley R. Co., 2 Cir., 153 F. 350; The Plow City, 3 Cir., 122 F.2d 816; Price & Pierce v. Jarka Great Lakes Corporation, D.C., 37 F.Supp. 939; Kerna v. Trucking, Inc., D.C., 3 F. R.D. 365. See also Moore, Second Edition, Vol. 3, p. 1349.

That being so, the sinuosities of underwriting strategy cannot be deemed dispositive of this motion, as though the insurance companies were legally recognized as the real parties in interest. This means that these parties are here dealt with just as though they themselves had controlled the transactions which have been carried on in their respective names and for their benefit.

However, while the parties have been correctly named in the legal sense, that which their respective insurers have contrived may be consulted in the effort to ascertain what each party may in truth be deemed to have done or omitted, insofar as their past conduct may affect their present legal rights.

To reason otherwise I think would ascribe too much substance to the distinc-

tion in form between the payment of a policy loss, and the delivery of a loan receipt in lieu thereof.

■ The result is that, in my opinion, the defendants have quite obviously waived their right to assert the defense which they now seek to add by amendment which is over two years late. The defendants' motion is therefore denied in its entirety.

Settle order.