444

**PERRERA et al. v. SMOLOWITZ et al.**

**Civ. No. 9170.**

United States District Court
E. D. New York.

May 8, 1952.

Dwight, Royall, Harris, Koegel & Caskey by Caesar L. Pitassy, New York City, for plaintiffs.

Zelby & Burnstein by Bernard Axler, New York City, for defendants.

BYERS, District Judge.

This is a plaintiff's motion for partial summary judgment under Fed.Rules Civ. Proc. rule 56, 28 U.S.C.A., "on the issues of negligence of the defendants and contributory negligence of the plaintiffs on the ground that a previous action between the same parties arising out of the same state of facts and in which these issues were litigated has been brought to judgment in favor of the plaintiffs * * *."

If the actual parties to this cause were those named in the title of the action, disposition of the motion would be comparatively simple. In fact, however, the surface indications are quite misleading since the real controversy is between insurance companies as was indicated in connection with a prior motion reported under the same title in. D.C., 11 F.R.D. 377, and the loan receipt technique which has been followed by all of them cannot be permitted to divert attention from the requirements of realistic understanding. Clarity will be promoted by stating, in connection with the parties, the respective insurance companies, the adroit strategy of two of which has precipitated the present dispute.

The plaintiffs, Perrera and Villa, carried liability insurance issued by Pennsylvania Threshermen and Farmers Mutual Insurance Company, to be called Pennsylvania. That company's policy covered the plaintiffs' truck. Columbia Fire Insurance Company, to be called Columbia, issued a policy which covered the plaintiffs' trailer. Bankers Indemnity Company, to be called Bankers, issued a policy covering the defendants' van.

Bankers and Columbia are controlled by American Insurance Company and have certain common directors and officers. The consanguinity of these companies cannot be ignored in view of the recitals contained in the affidavit of one Pitassy, verified May

7, 1951, which was offered in opposition to the earlier motion; his affidavit verified March 14, 1952 is the one upon which this motion is based, and from both it appears that he is an attorney associated with the attorneys for the plaintiffs in this action.

When the former motion was made by the defendants to set up an additional defense as described in the earlier opinion, it was to the interests of the plaintiffs to defeat that motion; but the disclosures made in his affidavit submitted for that purpose are necessarily before the Court in connection with the present motion and may be resorted to since it is part of the filed papers, albeit the effect is to leave that affiant in a position which could be called equivocal at least.

This action was started on June 22, 1948 to recover damages said to have been sustained by the plaintiffs' *truck* as a result of a collision between it and the defendants' van on a highway in New Jersey on March 21, 1947. The plaintiffs' truck and trailer were southbound and the defendants' van was northbound. While the case was pending and before it could come to trial, a second action was started in the Middlesex County Common Pleas Court of the State of New Jersey to recover damages sustained by the plaintiffs' *trailer* as the alleged result of its being struck by the defendants' van. This means that the Columbia in fact caused that action to be brought against Bankers, the insurer of defendants' van and the subsequent proceedings in that action are relied upon as the basis of this motion. The maneuvers which culminated in the institution of that lawsuit are fully portrayed in the earlier Pitassy affidavit; they are not without interest to the uninitiated in the commercial developments attending tort litigation.

It should be stated that there seems to be no dispute that all three companies, pursuant to the obligations of their several policies, assumed to conduct all litigation involving the accident in question; this means that Columbia in effect was seeking recovery from Bankers, its corporate sibling, and that which took place in the New Jersey court must be so understood.

What happened was that a pre-trial order was signed on November 5, 1948 by the presiding judge and attorneys for both parties, and the case seems to have been called on November 30; the sheriff having returned a panel of jurors, a motion was made by the attorney for the plaintiffs for a directed verdict in their favor against the above-named defendants, which motion was granted apparently without opposition, whereupon the jury returned a verdict for the plaintiffs against the defendants in the sum of $5,618.-78 and costs taxed at $77.70. In the earlier affidavit of Mr. Pitassy, he commented upon the proceedings above briefly referred to, in the following language:

"Bankers Indemnity moreover offered no defense in that action, but obviously submitted to the granting of a motion for a directed verdict in favor of its affiliated company, Columbia Fire, insurers of plaintiffs' *trailer*. It is submitted that the New Jersey action was nothing more than a subterfuge and an attempt on the part of both Bankers Indemnity and Columbia Fire, by concerted action, to circumvent and thwart Pennsylvania Threshermen in its *bona fide* attempt to collect damages to plaintiffs' truck resulting from defendants' negligence which Bankers Indemnity on behalf of Smolowitz Brothers admitted in the New Jersey action.

"I dare say that the satisfaction of the judgment in the New Jersey action was nothing more than a bookkeeping transaction between the affiliated companies, Columbia Fire, insurers of plaintiffs' *trailer*, and Bankers Indemnity, insurer of defendants' van, both controlled by the American Insurance Company."

Since the foregoing was the plaintiffs' (Pennsylvania's) understanding of the legal situation in May of 1951, it should be given current validity in the absence of intervening repudiation.

The opposing affidavit of Harry Smolowitz asserts that the total coverage of the Bankers policy is $10,000 and that claims totaling $7,000 in excess thereof have been asserted against these defendants, whereby they are exposed to a possible liability in the latter sum in connection with the plaintiffs' asserted damage to their truck and trailer (probably this is what the Pitassy affidavit hinted at concerning the circumvention of Pennsylvania); and since that statement is not denied, it seems entirely clear that the defendants have demonstrated the right to challenge, in their personal capacity, the legal sufficiency of that which has heretofore been contrived by Bankers and Columbia in the transactions related above.

Whether the judgment recovered in the New Jersey court establishes *res judicata* is thought to be too doubtful a question to be decided on this motion. A recent statement of the rule in this Circuit will be found in Miller v. National City etc., 2 Cir., 166 F.2d 723, at page 726, where the opinion states:

"The res judicata effect of a prior judgment *on the merits* depends on whether the second action between the same parties is upon the same or a different cause of action. If it is upon the same cause of action, a judgment *on the merits* creates an absolute bar to a subsequent action between the same parties, regardless of the arguments presented by the parties in the first suit and even if the judgment was erroneous." (Emphasis added.)

I should suppose that whether the proceedings in the New Jersey court involved a judgment on the merits is necessarily open to inquiry, particularly in view of the distinction present in this case as I believe, between the parties themselves and the insurance companies, who occupy the position of subrogees.

A rule has been announced in other circuits concerning certain incidents of the relation between the insurer and insured in such matters. Thus (speaking of the former): Traders etc. Insurance Company v. Rudco etc. Co., 10 Cir., 129 F.2d 621, at page 626, 142 A.L.R. 799:

"Its obligation to defend and to pay is primary and paramount; consequently, its right to control the litigation is first and paramount, * * *. But, the rights of the insurer in these circumstances are not absolute, they are subject to moderation by the rule of right and justice. Exclusive authority to act does not necessarily mean the right to act arbitrarily. Douglas v. United States Fidelity & Guaranty Co., [81 N.H. 371, 127 A. 708, 37 A.L.R. 1477.] The right to control the litigation in all of its aspects carries with it the correlative duty to exercise diligence, intelligence, good faith, honest and conscientious fidelity to the common interest of the parties. (Citing cases and text.)"

See also, St. Paul etc. v. Martin, 10 Cir., 190 F.2d 455 at page 457. The requirement of good faith in such matters is much discussed in American Casualty Co. etc. v. Howard, 4 Cir., 187 F.2d 322. I can think of no reason why a similar rule should not find acceptance in this Circuit in such a case as this.

It is not necessary to suggest, nor is it the present purpose so to do, that there was a lack of good faith in what was accomplished in the disposition of the New Jersey lawsuit, but in view of the relationship between the two insurance companies involved, it is reasonable to infer that it was a simpler matter for them to adjust their intercorporate financial affairs on the basis stated, than to litigate the merits of the lawsuit, and therefore, I can see no reason why this Court on this motion should seek to distinguish between *res judicata* and estoppel by judgment, as was discussed in the case of June v. Peterson, 7 Cir., 155 F. 2d 963, at page 965. Such a matter can well await whatever proof may be offered on the trial of this cause concerning the exact provisions of the various contracts of insurance here involved; also the extent to which, if any, the defendants Smolowitz were notified of the pendency of the for-

mer case; that is the subject of the following averment in the opposing affidavit of Harry Smolowitz (Smolowitz Brothers):

"The defendants at that time, although nominally represented by attorneys of their own choosing, were in truth represented by attorneys for their insurance companies. Neither your deponent nor anyone else connected with his firm, including defendants' driver, was advised by the attorneys for the insurance companies of the pre-trial meeting in Jersey. The so-called pre-trial order (Exhibit 'C' annexed to the plaintiffs' moving papers) was entered without a trial, without evidence, and on a stipulation between the two insurance company attorneys. But these attorneys were not attorneys for the parties, and owed no loyalty to the parties, and as a matter of fact, your deponent received none."

I should suppose that the entire subject of their participation in the preparation of the case, and the extent to which they were consulted concerning the consent judgment —if that is what it was—should be laid bare in the trial of this cause.

The argument of the plaintiffs is that this motion is proper under Rule 56, and certainly it falls within its terms. Nor need it be disputed that, as plaintiffs argue, it is an established principle that where an essential question of fact is actually litigated in one action and determined therein, that determination is conclusive between the parties in any subsequent action wherein the same factual issue arises.

The difficulty of the present situation is that if the defendant Harry Smolowitz' affidavit is true, there was no actual litigation, and as to that the testimony of all parties, ostensible and actual, ought to be taken before it can become possible to know in any true sense whether the doctrine of collateral estoppel is involved.

It is concluded that the interests of justice require that the defendants be given their day in court to demonstrate, if they can, that they should not be subjected to the rigors of *res judicata* unless and until it is clearly demonstrated that their rights to litigate in this case the question of negligence and their own counterclaim, have indeed been foreclosed.

Motion denied. Settle order.