## GREER v. STANISLAU.
### No. 14400.

United States District Court,
E. D. Pennsylvania.
Nov. 20, 1953.

Maurice Pollon, Philadelphia, Pa., for plaintiff.

John B. Hannum, III, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This matter is before the court on defendant's motion to dismiss under Rule 8(c), Fed.Rules Civ.Proc. 28 U.S.C. raising the defense of res judicata.

On December 22, 1950, the automobiles owned and driven by the respective parties to this action collided on the streets of Philadelphia. As a result of the collision a flag pole, fence and porch on the property of Albert C. Schleith and his wife were damaged. The latter brought suit against both parties as joint tortfeasors in the Municipal Court of Philadelphia County [1] seeking damages in the amount of $128. Greer and Stanislau were not in privity with each other.

At the trial, in which Greer was neither present nor represented by counsel, Stanislau offered evidence to show that he was not negligent and that the plaintiffs' damages resulted solely from Greer's negligence. He also requested the court, without success, to charge the jury that the verdict must be either against both defendants jointly or Greer alone, and that it could not be against Stanislau alone. The jury returned a verdict against Greer in the sum of $128, the amount claimed by plaintiffs, and exonerated Stanislau.

Greer did not appeal from the orders entered on the verdicts. However, on October 30, 1952, he brought the action

1. May Term, 1951, No. 627.

here involved concerning the same accident against Stanislau seeking $25,000 for personal injuries and damages to his automobile. Diversity is the basis for this court's jurisdiction.

Even though the parties to this action and the suit in the Municipal Court are not the same, defendant maintains that he and Greer were adverse parties and the latter had the opportunity to have decided in the prior suit the issue of negligence between them, and therefore he should be barred from maintaining this action.

From the outset it can be stated that Greer and Stanislau were not adversaries under the pleadings in the prior suit. Simodejka v. Williams, 1948, 360 Pa. 332, 336, 62 A.2d 17.

Section 82, Restatement, Judgments (1942), provides: "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." Comment b to that section states, in part, as follows: "* * * where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them * * *." We think the Pennsylvania Courts would follow this section of the Restatement. See Hornstein v. Kramer Bros. Freight Lines, Inc., 3 Cir., 1943, 133 F.2d 143.

Moreover it cannot be said that Greer had an opportunity to have his rights with respect to Stanislau adjudicated in the prior proceeding. In the action here, Greer, who was seriously injured in the collision, seeks damages in the amount of $25,000. If he had sought to recover from Stanislau by a cross suit in the prior proceeding, the jurisdictional limitation of the Municipal Court would have permitted him to recover no more than $2,500. Merely because Greer did not contest the suit seeking damages in the amount of $128 in the Municipal Court, it does not follow that he is to be considered, for future litigation, as having acquiesced in the jury's finding on the issue of negligence.

Accordingly, the defendant's motion to dismiss will be denied.