Barbara E. KIMMEL, Administratrix of
the Estate of Frank C. Kimmel,
Deceased,

v.

YANKEE LINES, a Corporation,
Appellant.

No. 11511.

United States Court of Appeals
Third Circuit.

Argued March 10, 1955.

Decided July 15, 1955.

Hastie, Circuit Judge, dissented.

Robert E. Kline, William C. Walker, Pittsburgh, Pa. (Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., on the brief), for appellant.

A. H. Rosenberg, Pittsburgh, Pa. (Rosenberg & Rosenberg, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Plaintiff's decedent was killed as a result of a collision in Pennsylvania between the automobile he was operating and a tractor trailer owned by and operated for appellant. Nine months after this action had been commenced suits were filed in the state court on behalf of the passengers in the Kimmel car against plaintiff as administratrix of her deceased husband's estate and Yankee Lines. Those cases were consolidated and tried. The jury found negligence on the part of both Kimmel and Yankee Lines and awarded verdicts against both defendants. The state trial judge on motion entered judgment n. o. v. in favor of Yankee Lines and allowed the verdicts against Kimmel to stand. This suit was tried thereafter in due course and resulted in a verdict in favor of the plaintiff.

On motions for a new trial and for judgment n. o. v. appellant urged that the verdict in the federal court was against the weight of the evidence and that the state court judgment had resolved the issue of negligence making it res adjudicata.

■ The first point need not concern us long. There was evidence from which the jury could have concluded as it did that the Yankee Lines driver caused the accident by his negligence and that Kimmel was not contributorily at fault. Those were matters for the jury.

■ Since this is a diversity case we look to Pennsylvania law for the answer to the second question, whether recovery here is barred by the state court judgments. There is no appellate opinion directly in point but a common pleas decision of that state which is quite close to the situation before us squarely holds that a verdict against two joint defendants in an action such as the state court suit above mentioned does not foreclose the negligence issue as to the defendants in a later suit between them. Chenger v. Peccan, 1953, 88 Pa.Dist. & Co. 186. That opinion, while not controlling, is entitled to some weight. National Foam System v. Urquhart, 3 Cir., 1953, 202 F. 2d 659.

■ The common pleas decision relied on Section 82 of the Restatement of Judgments, which says:

"The rendition of a judgment in an action does not conclude parties to the action *who are not adversaries under the pleadings,* as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." (Emphasis supplied.)

An illustration given under Comment b to this section is particularly apropos to our case:

"1. A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car."

Appellant leans heavily on Simodejka v. Williams, 1948, 360 Pa. 332, 62 A.2d 17. In that case, however, the former suit arose under Pennsylvania's third-party practice rule. Thus instead of the parties being co-defendants in the first suit they were adversaries, i. e. third-party plaintiff and third-party defendant.[1] On this basis the Pennsylvania Supreme Court properly distinguished the Restatement's nonadversary rule as well as an earlier Pennsylvania case, Jordan v. Chambers, 1910, 226 Pa. 573, 75 A. 956, which had refused to apply the doctrine of res adjudicata in a subsequent suit between two co-defendants who had been successful in an ejectment action brought against them.

This is not the first time the federal courts have applied Pennsylvania law to this particular problem. In Hassenplug v. Victor Lynn Lines, 3 Cir., 1947, 163 F.2d 828, affirming, D.C.E.D.Pa.1947, 71 F.Supp. 70, the representatives of a deceased automobile passenger had recovered a judgment against decedent's driver and the owner of a truck, the latter being the second vehicle involved in the fatal collision. This court, in a per curiam affirmance, refused to apply the doctrine of res adjudicata in the subsequent suit brought by decedent's driver against the truck owner. In Greer v. Stanislau, D. C.E.D.Pa.1953, 118 F.Supp. 494, two automobiles collided on the streets of Philadelphia. A land owner brought suit for damages in the Municipal Court of Philadelphia County against the two drivers as joint tortfeasors. Greer did not contest the action and the jury returned a verdict against Greer but exonerated Stanislau. Greer then sued Stanislau in the federal district court. The latter's motion to dismiss on the res ad-

---

[1] "When Williams, in answering George's [the plaintiff in the first suit] complaint, also brought in Michael as additional defendant, he, Williams, pursuant to Rule 2255 [of the Pennsylvania rules] [12 P.S. Appendix], became a plaintiff as against Michael and Michael became a defendant opposed to Williams; * * * in other words, as the rule provided, they became adverse parties as to each other * * *." Simodejka v. Williams, supra, 360 Pa. at page 335, 62 A.2d at page 18.

judicata ground was denied. In his opinion Judge Ganey cited the Simodejka case, quoted Section 82 of the Restatement of Judgments and concluded: "We think the Pennsylvania Courts would follow this section of the Restatement." The Greer case was not appealed. See also Hornstein v. Kramer Bros. Freight Lines, 3 Cir., 1943, 133 F.2d 143.

Exactly the same problem was before the Minnesota Supreme Court in Bunge v. Yager, 1952, 236 Minn. 245, 52 N.W. 2d 446, 451. What that court said about its contribution and cross-claim procedure could also be said by us about the law of Pennsylvania:

> "Our statutes, as well as our new rules, simply provide a method whereby the rights and liabilities of co-parties *may* be litigated in an action in which they are aligned on the same side of the litigation, thereby preventing a multiplicity of suits. But where action is not taken to bring co-parties into an adversary relationship, their rights and liabilities as against each other are not determined, nor is the determination of their liability to a third party a bar to a subsequent action by one of the codefendants against the other to recover damages which he may have suffered as a result of the same tort."[2] (Emphasis supplied.)

For cases in other jurisdictions to the same effect, see 152 A.L.R. 1066–1072 (1944); 9 Blashfield, Cyclopedia of Automobile Law and Practice, Section 5835 (1955).

There is more than technicality behind the Restatement illustration. The state court suits were brought to obtain compensation for injuries suffered by the passengers in the present plaintiff's car. The right of contribution which either defendant there might have been able to assert against the other is entirely collateral to the subject matter of the present cause of action based upon the personal injuries and wrongful death suffered by plaintiff's decedent. The fact is that no such contribution right was asserted under the pleadings.[3] Nor did plaintiff assert in the prior suit a separate cross-claim against her co-defendant for the injuries and death suffered by her decedent. Plaintiff, acting within her rights, chose to remain in a non-adversary position with her co-defendant in the first suit. To preclude her now from litigating her cause of action would in effect superimpose a mandatory cross-claim rule on Pennsylvania practice.

We think the Restatement rule is sound and that the Pennsylvania courts would follow it. The judgment below will be affirmed.

HASTIE, Circuit Judge (dissenting).

In my judgment the District Court should not have afforded a second opportunity to contest the issue of fault in this collision after the same parties, Yankee Lines and Kimmel's administratrix, had had opportunity and occasion to con-

---

2. Appellant also urges upon us Section 68 of the Restatement of Judgments which pertains to the doctrine known as "collateral estoppel". That contention was also made before the Minnesota Supreme Court. As there indicated, Section 68 must be read in conjunction with Section 82. When that is done it is clear that the collateral estoppel doctrine is likewise limited to subsequent suits between adverse parties in the prior suit or their privies. Any exception to this principle such as where a person has accepted the benefits of a prior judgment bears no relevancy to the instant situation. Cf. Livesay Industries v. Livesay Window Co., 5 Cir., 1953, 202 F.2d 378, certiorari denied 346 U.S. 855, 74 S.Ct. 70, 98 L.Ed. 369. National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 Cir., 1940, 110 F.2d 138, while containing broader language, is factually sui generis.

3. Mere assertions in separate answers that the other defendant is the one at fault does not make the defendants adversaries. Pearlman v. Truppo, 1932, 10 N.J.Misc. 477, 159 A. 623; see also Cooke v. Kilgore Mfg. Co., D.C.N.D.Ohio, 1954, 15 F.R.D. 465.

test that very issue in a Pennsylvania state court which had decided against the administratrix.

In simplified statement the essential facts are these. A fatal accident occurred on a Pennsylvania highway. A vehicle owned by A, the present defendant Yankee Lines, collided with a vehicle driven by B, of whose estate the present plaintiff is administratrix. B was killed and a passenger in his car was injured. The passenger sued both A and B for negligent injury in a Pennsylvania court. A jury made special findings that both A and B were negligent. The trial judge sustained the finding of B's negligence and entered judgment against his estate. However, the court concluded that the finding of A's negligence was not supported by the evidence and accordingly entered judgment n. o. v. holding A not liable. No one appealed.

In the meantime the same accident had been made the subject of the present action in the United States District Court wherein B's administratrix sued A for damages charging A's negligence as the responsible cause of the death of blameless B. A tried to assert the Pennsylvania proceedings and judgment as a bar, but the court ruled that the facts could be reexamined and accordingly permitted trial in regular course. The federal jury found that A had been negligent and that B was blameless. It is from judgment pursuant to that finding that the present appeal is taken.

Since federal jurisdiction is based on diversity of citizenship, the availability of the defense of res judicata is determined in accordance with the law of the forum, Pennsylvania. Hartmann v. Time, 3 Cir., 1948, 166 F.2d 127; see Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. Thus, we all agree that this case is to be decided as if it were a suit in a second Pennsylvania state court after the prior Pennsylvania decision.

Possible exceptions irrelevant to this case aside,[1] the general rule is clear. The proscription against relitigation of an identical issue by a party to the prior litigation concludes the rights *inter se* only of those parties who were adversaries in the prior action. Restatement, Judgments, Section 82; see 1 Freeman, Judgments, 1925, at 918, cases cited. The highest court of Pennsylvania recognizes that this conception of adversaries may include parties both of whom are aligned as defendants in the overall lawsuit. See Simodejka v. Williams, 1948, 360 Pa. 332, 62 A.2d 17; Pittsburgh & L. E. R. Co. v. Borough of McKees Rocks, 1926, 287 Pa. 311, 317, 135 A. 227, 229. The Simodejka opinion expressly approves the Restatement position. The unsettled question is whether the situation of such co-defendants as A and B in the earlier suit here makes them adversaries within the meaning of this rule. Thus, our difference of opinion is limited to the application of an agreed principle to particular circumstances. For that reason, I think the citing of the Restatement rule and the cases which approve it places our problem in focus but does not solve it.

Simodejka v. Williams, supra, is our starting point. That litigation also arose out of a highway collision and involved a prior action by an injured third person in which the drivers of both colliding vehicles became defendants. However, the original complaint named only driver A as defendant. A thereupon brought B into the case as a third-party defendant, with a view to enforcing contribution by B if the plaintiff should recover. The plaintiff recovered against both A and B. Later A sued B for personal injuries suffered in the same accident. In these circumstances the Supreme Court of Pennsylvania held that as between A and B all rights and obligations arising out of the accident were foreclosed by the judgment in the first suit.

---

1. The issue which divided this court in Bruszewski v. United States, 3 Cir., 1950, 181 F.2d 419, is not reached here.

Procedurally, the Simodejka case differs from ours in only one respect. A and B are original defendants here while A brought B into the litigation as an additional defendant there. The majority regard that difference as decisive, pointing out that the Simodejka opinion cites and distinguishes situations where co-defendants in a first action have been permitted to litigate the same subject matter in a second suit between themselves. Actually, after noting dissimilarities in some of these cases, the Simodejka opinion disposes of them generally with the observation that "in all but one of them, the suits were brought against co-defendants, who, so far as appears, were not parties adverse to each other". The reasoning seems to have been that the procedure and legal relations of each situation will determine whether co-defendants in a first action are adversaries for purposes of res judicata. I do not read the opinion as meaning that all original co-defendants are in one category, while the added defendant situation stands as a different category.

It is true that in Chenger v. Peccan, 1951, 88 Pa.Dist. & Co. 186, the Court of Common Pleas for Washington County interpreted the Simodejka decision as limited to the situation of defendant and additional defendant and refused to apply res judicata as between original co-defendants such as we have here.[2] The Court of Common Pleas emphasized a comment, accompanying Section 82 of the Restatement of Judgments, that "where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them * * *" It will be noted, however, that the Restatement merely states that "the fact each

of them attempts to show that the other was solely responsible" does not make the issue of negligence res judicata between them. If that be conceded, the decisive question still remains in cases like ours whether they were adversaries in that the action determined some liability between the defendants which depended upon the fault or blamelessness of each in the accident. It is that criterion upon which we think the Supreme Court of Pennsylvania caused the Simodejka case to turn.

If my analysis is correct, it is necessary in the present case to discover whether any element of A's claim against B, whether a right to recover for original injury or a right of contribution to damages sustained by a third person, was comprehended by the first suit. Under Pennsylvania law the answer to this question is clear.

In Pennsylvania the duty of contribution between joint tortfeasors is a statutory obligation. Act of June 24, 1939, P.L. 1075, § 1, 12 P.S. § 2081. Originally an equitable obligation, this duty is enforceable in the very litigation in which a third person has successfully recovered judgment against the joint tortfeasors. Anstine v. Pennsylvania R. Co., 1945, 352 Pa. 547, 43 A.2d 109, 160 A.L. R. 981.

Thus, if A and B had both been found liable in the first suit here the Pennsylvania judgment would have been attended by an enforceable obligation of contribution. As the case was actually decided, A was held liable and B exonerated. But had A felt aggrieved by this judgment and the consequent loss of contribution, he could have appealed, not only from the judgment against him, but also from the judgment exonerating B. Schwartz v. Jaffe, 1936, 324 Pa. 324, 188 A. 295; Hair v. Ference, 1945, 352 Pa. 164, 42 A.2d 535. Of course it was A's right at trial to present evidence of B's fault and liability. See Frank v. W.

---

2. We take that decision into account although we are not bound by it. King v. Order of United Commercial Travelers,

1948, 333 U.S. 153, 68 S.Ct. 488, 92 L. Ed. 608.

S. Losier & Co., 1949, 361 Pa. 272, 274–277, 64 A.2d 829, 830–831. The Pennsylvania decisions emphasize the existence of these rights to contest an issue and to appeal a decision as important considerations in determining the reach of estoppel by judgment. See Lloyd v. Barr, 1849, 11 Pa. 41, 49; Williams v. Lumbermen's Insurance Co. of Philadelphia, 1938, 332 Pa. 1, 3–6, 1 A.2d 658, 659–660. But I think it is the adversary status of the defendants created by the issue of contribution which is most important in making the adjudication of fault binding between them.

I also observe that the majority's reliance upon Hassenplug v. Victor Lynn Lines, Inc., D.C.E.D.Pa.1947, 71 F.Supp. 70, 71, affirmed per curiam by this court, 163 F.2d 828, seems misplaced. There the District Court ruled that res judicata did not apply because the issue of due care adjudicated in the first suit was different from that presented in the second. And the court was careful to add that, had there been a prior adjudication of the same issue, "the Pennsylvania courts might feel that this plaintiff's suit should be barred by that verdict, as establishing the defendant's lack of negligence."

More generally, the Supreme Court of Pennsylvania has indicated a disposition favorable to the basic policy which supports the application of res judicata in the present situation. In the early case of Lloyd v. Barr, supra, involving a suit between endorsers of a note after the holder had recovered judgment against both of them, the court had this to say about the underlying policy:

> "But wherefore put a party to new proof of that which has once been judicially ascertained, after full opportunity to controvert it? Between co-defendants, as well as in the case of antagonist parties, the public tranquillity requires, that having been once fairly tried, further agitation of the same subject be forbidden." 11 Pa. 41, 52.

And this broad view was reasserted in Hochman v. Mortgage Finance Corp., 1927, 289 Pa. 260, 263, 137 A. 252, 253.

> "The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights."

All of these considerations lead me to conclude that, as a matter of Pennsylvania law, the plaintiff in the present action was bound by the adjudication of fault in the earlier state litigation. Accordingly, I think the defendant was entitled to judgment n. o. v.