**Robert SULLIVAN and Wallace Sullivan**

v.

**George GIST (Yellow Cab Company).**
**Civ. A. No. 20369.**

United States District Court
E. D. Pennsylvania.
March 11, 1958.

Company v. Cook, 1947, 186 Va. 658, 43 S.E.2d 863, 5 A.L.R.2d 594.

Benjamin Pomerantz, Philadelphia, Pa., for plaintiff.

John B. Hannum, III, Philadelphia, Pa., for defendant.

James J. Leyden, Philadelphia, Pa., for third-party defendant.

LORD, District Judge.

This action arises from the collision of an automobile driven by George Gist, the defendant, and a Yellow Cab. The plaintiffs, Robert and Wallace Sullivan, husband and wife, were passengers in defendant's car and are suing to recover damages for personal injuries allegedly received by the wife. Jurisdiction is based on diversity.

The defendant has impleaded Yellow Cab Co. as third-party defendant, alleging that if plaintiff was injured as alleged, such injury was caused in whole or in part by the negligence of Paul Rector, the driver of the cab at the time of the collision. Yellow Cab Co. has moved for summary judgment on the ground that defendant Gist's action over is barred by a prior judgment. The Court agrees.

This same accident has been the subject of two suits in the state courts. The cab driver, Rector, brought an action for his personal injuries against Gist. The passengers in the cab sued both Yellow Cab Co. and Gist for their personal injuries. The two suits were consolidated for trial. Verdicts were rendered in favor of Rector and against Gist in the first action and in favor of the cab passengers against Gist alone in the second action.

Defendant Gist contends that these prior suits do not bar his present action over against Yellow Cab Co. in the event the plaintiffs should prevail in this action against him. In support of this position he cites Kimmel v. Yankee Lines, Inc., 3 Cir., 1955, 224 F.2d 644. Kimmel and Yankee Lines were joint defendants in a state court action brought by passengers in Kimmel's car for injuries arising, as here, from the collision of two vehicles. Judgment n. o. v. was entered in favor of Yankee Lines, but a verdict against Kimmel was sustained. Kimmel then sued Yankee Lines in federal court for damages he had received as a result of the same accident. Yankee Lines asserted the defense of res judicata. The District Court, 125 F.Supp. 702, and the Court of Appeals, construing Pennsylvania law, held that the prior state court judgment did not bar Kimmel's action against Yankee Lines. The Court of Appeals reasoned that Kimmel and Yankee Lines were not adverse parties in the state court action and hence they were not concluded as to their rights

inter se by that judgment, citing Restatement, Judgments (1942) § 82.

This Court, of course, in the absence of a subsequent contrary holding by an appellate court of Pennsylvania, is bound by Kimmel. However, the instant case appears readily distinguishable, because not only, as in Kimmel, were Gist and Yellow Cab Co. co-defendants in the prior action, but Rector, Yellow Cab Co.'s agent, and Gist were plaintiff and defendant.

The Restatement, Judgments (1942) states:

"§ 99 Where Liability of a Person is Based Solely upon the Act of Another.

"A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort, * * * bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort * * * by such person, whether or not the other person has a right of indemnity."

■ This section was cited approvingly in the recent case of Helmig v. Rockwell Mfg. Co., 1957, 389 Pa. 21, 131 A.2d 622; therefore it must be taken as the law of Pennsylvania and as such is binding on this Court in this diversity action. The instant third-party complaint alleges as the sole basis of Yellow Cab's liability that the cab was operated in a careless manner. Since the question of the cab driver's (Rector's) contributory negligence was necessarily decided adversely to Gist in the prior action, there is nothing further for this Court or a jury to consider. The case comes squarely within § 99 of the Restatement.

While it is true that the plaintiffs in this action were not parties to the prior action between Gist and Rector, this in no way affects the fact that as between the third-party plaintiff, Gist, and the third-party defendant, Yellow Cab Co., the prior judgment is res judicata. The

plaintiffs here seek no redress against Yellow Cab Co., and indeed they could not, since there is no independent ground of jurisdiction for this Court to entertain such an action. The plaintiffs and Yellow Cab Co. are both citizens of Pennsylvania. Sheppard v. Atlantic State Gas Co., 3 Cir., 1948, 167 F.2d 841 and cases therein cited.

■ Yellow Cab Co. was impleaded by defendant, Gist, under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C. on the theory that it was liable to defendant for all or part of the plaintiff's claim. This liability has been predicated exclusively on Rector's negligence. The fact that the present plaintiffs were not parties to the prior litigation settling the question of Rector's negligence cannot, therefore, militate against the finality of that judgment. Yellow Cab Co. of D. C., Inc., v. Janson, 1949, 86 U.S. App.D.C. 38, 179 F.2d 54.

Accordingly, it is ordered that the motion of Yellow Cab Co. for summary judgment be and the same is hereby granted.