Ronald O. CHIKOTAS

v.

AMERICAN BUSLINES, INC.

v.

KAPLAN TRUCKING COMPANY.

Civ. A. No. 27052.

United States District Court
E. D. Pennsylvania.

Dec. 20, 1960.

Henry F. Huhn, Philadelphia, Pa., for third-party plaintiff.

Peter P. Liebert, 3rd, Philadelphia, Pa., for third-party defendant.

WELSH, Senior District Judge.

This action in the United States District Court for the Eastern District of Pennsylvania arises from the collision on Ohio Route 120 about four miles south of Toledo, Ohio between a bus owned and operated by American Buslines, Inc., defendant, and a semi-trailer owned and operated by Kaplan Trucking Company, third-party defendant. The plaintiff, Ronald O. Chikotas, was a passenger in defendant's bus and is suing to recover damages for personal injuries. The defendant has joined the Kaplan Trucking Company as third-party defendant, alleging that if plaintiff was injured as alleged, such injury was caused in whole or in part by the negligence of the Kaplan Trucking Company. Kaplan Trucking Company has moved to dismiss on the ground that the defendant's third-party action against it is barred by a prior judgment.

This accident was the subject of an action in the United States District Court for the Northern District of Ohio. In that action, Civil Action No. 8085, Leo Flott, another passenger in the bus, sued

both American Buslines, Inc., and Kaplan Trucking Company as original co-defendants. A jury found a verdict in favor of plaintiff Flott against American Buslines, Inc., and found that Kaplan Trucking Company was "negligent, but that its negligence did not contribute to the direct cause of the accident". The verdict of the jury has been paid by American Buslines, Inc.

The question presented then is: Does the Ohio action bar the third-party action of American Buslines, Inc., against Kaplan Trucking Company?

In Kimmel v. Yankee Lines, 3 Cir., 224 F.2d 644, Kimmel and Yankee Lines were joint defendants in a state court action brought by passengers in Kimmel's car for injuries arising, as here, from the collision of two vehicles. Judgment n. o. v. was entered in favor of Yankee Lines, but a verdict against Kimmel was sustained. Kimmel had sued Yankee Lines in Federal Court for damages he had received as a result of the same accident. Yankee Lines asserted the defense of res adjudicata. The District Court, 125 F.Supp. 702, and the Court of Appeals, construing Pennsylvania law, held that the prior state court judgment did not bar Kimmel's action against Yankee Lines. The Court of Appeals reasoned that Kimmel and Yankee Lines were not adverse parties in the state court action and hence they were not concluded as to their rights inter se by that judgment, citing the Restatement of Judgments § 82.[1] See Hassenplug v. Victor Lynn Lines, 3 Cir., 163 F.2d 828, Greer v. Stanislau, D.C., 118 F.Supp. 494 and Hornstein v. Kramer Bros. Freight Lines, 3 Cir., 133 F.2d 143. In Greer v. Stanislau, supra [118 F. Supp. 495] Chief Judge Ganey quoted § 82 of the Restatement of Judgments and concluded: "We think the Pennsylvania Courts would follow this section of the Restatement."

The principle enunciated in Kimmel v. Yankee Lines, supra, that a prior action between nonadversary parties does not foreclose a subsequent action between them, governs here. As has already been stated, in the prior action in the Northern District of Ohio American Buslines, Inc. and Kaplan Trucking Company were original co-defendants; as such they were not adverse parties. Therefore, that prior action does not bar the instant third-party action of American Buslines, Inc. against Kaplan Trucking Company.

In urging that the prior action in the Northern District of Ohio bars the third-party action of American Buslines, Inc. against it, Kaplan Trucking Company relies on the case of Sullivan v. Gist, D.C., 159 F.Supp. 928, 930. In that case, there had been a collision between an automobile driven by George Gist and a Yellow Cab. As a result of the collision two state actions were instituted, the cab driver, Rector, brought an action for his personal injuries against Gist and the passengers in the cab sued both Yellow Cab Company and Gist for their personal injuries. The two suits were consolidated for trial. Verdicts were rendered in favor of Rector and against Gist in the first action and in favor of the cab passengers against Gist alone in the second action. Robert and Wallace Sullivan, husband and wife, passengers in Gist's car, brought an action against Gist in the Federal Court to recover damages for personal injuries allegedly received by the wife. The defendant, Gist, joined Yellow Cab Co. as third-party defendant, alleging that if plaintiff, Sullivan, was injured as alleged, such injury was caused in whole or in part by the negligence of Paul Rector, the driver of the cab at the time of the collision. Yellow Cab Co. moved for summary judgment on the ground that Gist's third-party action was barred by the prior

---

1. Restatement of Judgments § 82:
 "The rendition of a judgment in an action does not conclude parties to the action *who are not adversaries under the pleadings*, as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." (Emphasis supplied.)

state actions. The Court, by our colleague Judge Lord, agreed with the Yellow Cab Co. stating:

"This Court, of course, in the absence of a subsequent contrary holding by an appellate court of Pennsylvania, is bound by Kimmel. However, the instant case appears readily distinguishable, because not only, as in Kimmel, were Gist and Yellow Cab Co. co-defendants in the prior action, but Rector, Yellow Cab Co.'s agent, and Gist were plaintiff and defendant.

" * * * The instant third-party complaint alleges as the sole basis of Yellow Cab's liability that the cab was operated in a careless manner. Since the question of the cab driver's (Rector's) contributory negligence was necessarily decided adversely to Gist in the prior action, there is nothing further for this Court or a jury to consider. * * * "

In other words, Judge Lord held that the defense of res adjudicata was applicable on the ground that the parties in the third-party action before him had been adversaries in the prior state actions and properly, we think, distinguished the third-party action before him from the case of Kimmel v. Yankee Lines, supra, which held that the defense of res adjudicata was inapplicable on the ground that the parties therein had not been adversaries in the prior state action. Here, as has been stated, American Buslines, Inc. and Kaplan Trucking Company were not adverse parties in the prior action in the Northern District of Ohio and, therefore, the Kimmel holding is applicable. Hence, Kaplan Trucking Company's reliance on the Sullivan case is not well-founded.

In light of the foregoing discussion, our answer to the question presented is that the prior action in the Northern District of Ohio does not bar the instant third-party action of American Buslines, Inc. against Kaplan Trucking Company.

Accordingly, the motion of third-party defendant, Kaplan Trucking Company, to dismiss the instant third-party action will be denied.