William A. MOORE

v.

George J. DEAL and J. Lucas.

Civ. A. No. 26533.

United States District Court
E. D. Pennsylvania.

Feb. 2, 1962.

Hamilton, Smith & Darmopray, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

Plaintiff, William A. Moore, was driving his automobile on the Schuylkill Expressway on September 22, 1957, with one Olga A. Natoli as his passenger when his vehicle collided with a truck owned by defendant Deal and operated by Deal's agent, servant or employee, defendant Lucas.

Olga A. Natoli brought an action against Deal in this court (Civil Action No. 24142, Natoli v. Deal, 196 F.Supp. 927) to recover damages for injuries sustained in said accident. In this action, she charged that the negligence of Lucas, acting in the course and scope of his employment, was the proximate

cause of her injuries. Defendant Deal joined William A. Moore as a third-party defendant in Civil Action No. 24142, charging that the accident was caused, in whole or in part, by Moore's negligence. The third-party complaint also stated:

> "In the event that it is adjudicated that this accident was caused by the negligence of William A. Moore and the defendant, George J. Deal, the said defendant is entitled to contribution from the said William A. Moore for whatever sum the plaintiff, Olga A. Natoli recovers."

See Exhibit A to Document No. 6 in Civil Action No. 24142.

Civil Action No. 24142 was tried before the Honorable C. William Kraft, Jr. and a jury. The jury found, in answer to Special Questions which had been submitted to them, that Deal had been negligent but that his negligence was not the proximate cause of plaintiff Natoli's injury. They also found that Moore was negligent and that his negligence was the proximate cause of the injury to Miss Natoli (see Document No. 23 in Civil Action No. 24142). The trial judge entered judgment on the jury's answers to the Special Questions. On December 14, 1960, judgment was entered for Deal and against Natoli in the basic action and for Moore and against Deal in the third-party claim (see Document No. 30 in Civil Action No. 24142).

No appeal was taken from the jury's findings and the judgment entered thereon as they pertain to Moore. Post-trial motions were filed by plaintiff Natoli in her action against Deal, which resulted in the trial judge's setting aside, on September 13, 1961, the judgments on the principal claim and on the third-party claim and granting plaintiff's motions for new trial (see Document No. 43 in Civil Action No. 24142).[1] After reargument, the judge ruled that the new trial was to be limited to the single issue of de-

---

[1] The Motion by plaintiff did not affect the finality of the judgment or suspend its operation. See F.R.Civ.P. 60(b), 28 U.S.

C.A. The judgments were not set aside until September 1961.

fendant's liability to the plaintiff, stating that no useful purpose would be served by a re-trial of the issues of damages or of the causal negligence of the third-party defendant, Moore. Although the Amended Order sets aside the judgments in both claims, it states:

"The special verdict of the jury in the third-party claim shall remain in full force and effect."

(See Document No. 48 in Civil Action No. 24142.) [2]

## A. Motion of Defendant Deal

Deal and Moore were adverse parties in the former action.[3] The third-party complaint in that action charged Moore with being the cause of the same accident involved in this suit and the jury found that Moore's negligence was the proximate cause of the injuries to Miss Natoli which she sustained in that accident.

██ Rule 13(a) requires that a claim, arising out of the same occurrence which is the subject matter of the opposing party's claim and not requiring the presence of third parties over whom the court cannot acquire jurisdiction, be pleaded as a compulsory counterclaim. Rule 13 applies to third-party actions. See next-to-last sentence of F.R.Civ.P. 14(a). The third-party action in Civil Action No. 24142 was filed on February 20, 1958, and, at that time, there was no suit pending on the claim involved in this action.[4] In view of F.R.Civ.P. 13 and 14, this civil action against Deal could not be maintained if there has been no waiver of this defense because the claim on which it is based must be asserted as a counterclaim in Civil Action No. 24142.[5] The defense based on F.R. Civ.P. 13(a), which concerns compulsory counterclaims, was not raised until the spring of 1961 (see Document No. 26), at which time the period of limitations on this cause of action against Deal had expired. Furthermore, Deal's answer filed on July 15, 1959, in this case did not raise the issue of waiver of this defense specifically as apparently required by F.R.Civ.P. 8(c) (Document No. 4). See Union Paving Company v. Downer Corporation, 276 F.2d 468, 470 (9th Cir. 1960). Under these circumstances, it is not appropriate to dismiss this cause of action on this ground, at least until the judge handling Civil Action No. 24142 has had an opportunity to pass upon a motion to file the counterclaim in that action, which is the proper method of raising this cause of action under the rules.[6]

## B. Motion of Defendant Lucas

The instant Motion for Summary Judgment is also based on the claim that there has been prior determination of the factual issues on which plaintiff's suit is grounded. The jury in Civil Action No. 24142, in which action Deal was defendant and third-party plaintiff, found that Moore's negligence was the proximate cause of the injuries to his passenger,

---

2. The reason for the third-party judgment being set aside without the setting aside of the special verdict is ascertained from an examination of the transcript for reargument (see pp. 19–21 of Document No. 49 in Civil Action No. 24142).

3. This distinguishes this case from decisions such as Kimmel v. Yankee Lines, 224 F.2d 644 (3rd Cir. 1955); Chikotas v. American Buslines, Inc., 192 F.Supp. 762 (E.D.Pa.1960).

4. The present action was not filed until June 22, 1959.

5. The undersigned expresses no opinion on whether, since notice of Moore's claim was given to Deal within the statutory period by filing this action, a counterclaim may be filed in Civil Action No. 24142 at this time, since this matter must be decided by the judge who has been handling that action.

6. Alternatively, Moore's counsel could request that his action against Deal in this case be severed and joined for trial with the issues for which a new trial had been ordered in Civil Action No. 24142. The judge who will conduct that new trial would appear to be the appropriate judge to pass on the propriety and manner of presenting this claim in that new trial.

Miss Natoli. The occurrence (i. e., the accident) is the same in both cases and, even if this "cause of action" were considered different because this case is based on personal injury and property damage allegedly incurred by Moore, whereas Civil Action No. 24142 involved personal injuries of Natoli, the doctrine of collateral estoppel could apply here.[7] This Circuit has defined collateral estoppel as the doctrine "by which questions of fact and perhaps of law actually litigated in the action are conclusively determined in subsequent actions in which the same questions arise, even though the cause of action might be different." Caterpillar Tractor Co. v. International Harvester Co., 120 F.2d 82, 84, 139 A. L.R. 1 (3rd Cir.1941).[8]

■ If the action against Deal is barred for the reasons stated under B above, the motion of Lucas should also be granted. The action by Natoli against Deal was based on the alleged negligence of Deal's servant or employee, Lucas, acting in the scope of his employment, and Moore's answer to the third-party complaint in Civil Action No. 24142 alleged that Lucas, as the driver of Deal's truck, was negligent. Defendant Lucas is in privity with his employer, Deal, as to the issues here involved and is entitled to the benefit of the doctrine of res judicata or collateral estoppel. See Mooney v. Central Motor Lines, 222 F.2d 572, 573 (6th Cir.1955); Restatement, Judgments, § 83; cf. United States v.

California Bridge & Construction Co., 245 U.S. 337, 341–344, 38 S.Ct. 91, 62 L.Ed. 332 (1917).

■■ However, since there is at this time no "final judgment" present in the third party action in Civil Action No. 24142, no order will be entered on the motion of defendant Lucas at the present time.[9] The findings against Moore do not estop him unless they were a determining factor in the judgment entered on December 14, 1960. See Restatement, Judgments, § 68. Since the judgment of December 14, 1960, in Civil Action No. 24142 could have been based solely on the finding in the answer to question 1b of Document No. 23 in Civil Action No. 24142, which was favorable to his position in that action, an appeal as to the findings adverse to him in answers to questions 2a and 2b would have been fruitless.[10] However, after the new trial which has been granted in the principal action in Civil Action No. 24142, a judgment may ultimately be entered which would support Deal's contention that summary judgment should be entered for him on the ground of res judicata or collateral estoppel.

When a final judgment has been entered in the third-party action in Civil Action No. 24142, defendants Deal and Lucas may notify the undersigned that the record makes their Motion for Summary Judgment in this action (Document No. 16) ready for decision.

7. See Restatement of Judgments, §§ 61, 68 et seq.; and Introductory Note to Title D, pp. 239–240.

8. See, also Restatement, Judgments, § 68, and comments a and c thereof.

9. Res judicata is not available without adjudication. See United States v. 42 Jars, etc., 160 F.Supp. 818, 820 (D.N.J. 1958), aff'd. 264 F.2d 666 (3rd Cir. 1959); Restatement, Judgments, § 45.

10. Partmar Corp. v. Paramount Pictures Theatres Corp., 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. 532 (1954), is distinguishable.

In this case, the court used this language at page 99, 74 S.Ct. at page 420: "While Partmar did not appeal, it might have. The finding and conclusion of law just quoted were essential to the determination of Paramount's claim for possession of the theatre. * * * It is only when a finding of law or fact is not necessary for a decree that the prevailing party may not appeal and the finding does not form the basis for collateral estoppel. * * * 'A party may not appeal * * findings * * * not necessary to support the decree.'"