William A. MOORE

v.

George J. DEAL and J. Lucas.

Civ. A. No. 26533.

United States District Court
E. D. Pennsylvania.

March 24, 1965.

Perrin C. Hamilton, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, and Henry F. Huhn, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

Defendants' motion for summary judgment under F.R.Civ.P. 56(b) has been previously before this court. Since the facts involved in this motion are recited in the previous opinion, published in 203 F.Supp. 66 (E.D.Pa.1962), it will not be necessary to recite them again here.

When this matter was previously before the court, the undersigned ruled that defendants' motion for summary judgment would not be ready for decision until a final judgment was entered in the third-party action in Civil Action No. 24142. Subsequent to the filing of this opinion on defendants' previous motion for summary judgment in this Civil Action No. 26533, a new trial was had in Civil Action No. 24142 on the single issue of defendant's liability to the plaintiff. In that trial, the jury returned a ver-

dict in favor of the defendant.[1] Judgment was entered in favor of the defendant and in favor of the third-party defendant, the plaintiff in the present action. The plaintiff then moved for a second new trial, which was granted on November 1, 1962. On December 11, 1962, in open court, the parties to Civil Action No. 24142 stipulated as to the entry of judgment in favor of plaintiff against the defendant in the sum of $15,-000., and in favor of the defendant against the third-party defendant in the sum of $7500.

The basic question involved in defendants' present motion for summary judgment is the effect of the verdict of the jury in the first trial and of the stipulated judgment entered against the third-party defendant in Civil Action No. 24142 on plaintiff's right to bring the present action.

Plaintiff contends that the stipulated judgment entered December 11, 1962, in Civil Action No. 24142 should not preclude him from bringing the present action. The basis of plaintiff's contention is the fact that throughout the proceedings in Civil Action No. 24142 plaintiff, as third-party defendant in that action, was represented not by counsel of his own choosing but by counsel of his insurance carrier, who, plaintiff alleges, did not exercise due care in the protection of his interests in that action. Plaintiff claims that due to the actions of his counsel, he was prevented from having his day in court and should, therefore, not be bound by a stipulated settlement made in his name by an insurance-company-selected lawyer who owed no loyalty to him.

The court recognizes the damaging nature of the statements made to the jury by counsel for the third-party defendant in Civil Action No. 24142, as pointed out by Judge Kraft in his opinion granting the first new trial, reported at 196 F. Supp. 927 (E.D.Pa.1961). However, plaintiff has not cited nor research disclosed any authority supporting his position.[2] The rule stated in the Restatement of Judgments, Sec. 4, is that a valid judgment rendered by a court having jurisdiction over the parties and over the subject matter and in a proceeding in which the parties have had a reasonable opportunity to be heard can be attacked only in the proceeding itself or by a direct attack in equity.[3] It is noted in that connection that no attempt in Civil Action No. 24142 has been made to set aside

---

[1]. Examination of the record reveals that the jury in the second trial did not return a verdict in favor of the third-party defendant, as plaintiff suggests. The liability of the third-party defendant in Civil Action No. 24142 extended only to contribution for sums adjudged against the defendant in the principal action. Since the jury found in favor of the defendant in the principal action, the third-party defendant was not required to pay anything; therefore, judgment was entered in his favor.

[2]. The basis for the denial of summary judgment in the case of Perrera v. Smolowitz, 12 F.R.D. 444 (E.D.N.Y.1952), cited by plaintiff, was the fact that there was no real conflict of interest between the two insurance companies who had agreed to the prior consent judgment, both of which were owned by a third company. In the present case, the interests of the parties were truly conflicting at all times during the pendency of Civil Action No. 24142.

The Supreme Court of Missouri ruled on a situation similar to Moore's in the case of Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001 (1951). Plaintiff there sought to have a stipulation for dismissal, made without notice to him in a prior action, set aside on the grounds that his lawyer in that action was employed by his insurance carrier and had acted exclusively for the benefit of the insurance company and at no time on plaintiff's behalf. The court said that plaintiff must have known, by reason of his insurance contract, that some action would be taken by his insurance carrier in that action and to that extent the insurance company lawyer was the authorized agent of the plaintiff when he entered into the stipulation. The court also noted that plaintiff had made no attempt to set aside the dismissal in the prior action.

[3]. See Restatement of Judgments, § 126(2) (f).

the stipulated judgment of December 11, 1962, even though more than two years have elapsed since that date.

The binding effect of consent judgments on subsequent litigation between the parties was discussed by the Supreme Court of Pennsylvania in the recent case of Zampetti v. Cavanaugh, 406 Pa. 259, 176 A.2d 906 (1962). That case involved a derivative suit brought on behalf of a corporation by the plaintiff as a stockholder. The court dismissed defendant's contentions that the plaintiff was not a stockholder, stating that the plaintiff's status as a stockholder had been determined by a prior consent decree between the parties; hence was conclusive in the subsequent action. The rule was announced as follows:

"Although a consent decree is not a legal determination by the court of the matters in controversy (citing cases), it binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits (citing cases). The fact that without the consent of the parties the court might not have rendered the judgment does not affect its effect as res judicata (citing case). Were this not so, a consent decree would have little value." [4]

A similar finding was made in the case of Baran v. Baran, 166 Pa.Super. 532, 72 A.2d 623 (1950). There the court stated:

4. Page 265 of 406 Pa., page 909 of 176 A.2d.

5. Page 537 of 166 Pa.Super, page 625 of 72 A.2d.

6. Plaintiff may have other avenues of relief. For example, if he can prove that counsel appointed by his insurance carrier to defend him in Civil Action No. 24142 was derelict in his duties, he may be entitled to recovery against the insurance company for breach of its fiduciary obligation to exercise due care in the defense of law suits against him. See Gedeon v. State Farm Mutual Automobile Insurance Company, 342 F.2d 15

"A decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was obtained by fraud or that it was based upon a mutual mistake." [5]

The case of Blanchard v. Wilt, 410 Pa. 356, 188 A.2d 722 (1963), cited by the plaintiff, stands for the proposition that a consent verdict does not operate in favor of one who was not a party to the action, and is not relevant to the facts presented by the instant case.

The rule is well settled in the law that a valid and final judgment rendered in an action to recover money is conclusive between the parties in a subsequent action on a different claim as to issues actually determined in the prior action, Restatement of Judgments, § 45; Simodejka v. Williams, 360 Pa. 332, 62 A.2d 17 (1948). The Zampetti and Baran cases, supra, establish that the rule applies equally to judgments rendered by consent of the parties. Hence, until such time as the stipulated judgment entered in Civil Action No. 24142 against Moore and in favor of Deal is vacated, that judgment remains in full force and effect and the plaintiff is collaterally estopped from bringing the present action against Deal.[6]

With regard to defendant Lucas, cases in this Circuit such as Hornstein v. Kramer Bros. Freight Lines, 133 F.2d 143 (3rd Cir. 1943), and Kimmel v. Yankee Lines, 224 F.2d 644 (3rd Cir. 1955),[7] require a holding that the plain-

(3rd Cir. 2/26/65), and cases cited therein.

7. The following language in § 96(2), Restatement of Judgments, and Comment a to that section is pertinent:
   "(2) If the injured person brings such an action against the indemnitee, the judgment binds neither the plaintiff nor the indemnitor in a subsequent action between them, * * *
   "Comment:
   "a. * * * normally a person is entitled to relitigate an issue where the adversary is a different person. Relitigation of an issue with a new adversary is permitted because of the

tiff is not precluded as to Lucas, who was not a party or privy to Civil Action No. 24142. In those two cases, the parties against whom the claim of res judicata or collateral estoppel was sought to be asserted were held not to be bound by the previous judgment, even though such parties had been parties to the prior adjudication and had had an opportunity to fully litigate the identical issues of fault which had been decided against them in those prior adjudications. Such is the case with Moore, the plaintiff in the instant case, who, in Civil Action No. 24142, had the opportunity to contest the issue of fault, the very issue to be litigated in Civil Action No. 26533.

However, in view of the recent expansion of the concept of preclusion [8] and the underlying policy of res judicata that there be an end to litigation, the undersigned respectfully submits that the Third Circuit might reach a different conclusion in this case and will, therefore, certify the order as to Lucas for prompt appeal under 28 U.S.C. § 1292(b).

■ The court is not persuaded that defendants' motion for summary judgment is not timely. F.R.Civ.P. 56(b) authorizes a defendant to move at any time for summary judgment in his favor. The case of Woods v. Robb, 171 F.2d 539 (5th Cir. 1948), cited by the plaintiff, is not controlling. In that case, it was held not to be reversible error for the trial judge to refuse to rule on plaintiff's motion for summary judgment, which plaintiff called to the attention of the trial judge after the trial had begun. The case of H. J. Heinz Company v. Beech-Nut Life Savers, Inc., 181 F.Supp. 452 (S.D.N.Y.1960), presents a factual situation closer to that of the case at hand. In that case, defendant's motion for summary judgment was filed after the pretrial order was filed and approximately one and one-half months before trial. The court found that although possibly ill-timed, having been made at the very eve of trial, the motion might have the effect of narrowing the issues for trial; hence, plaintiff's motion for dismissal of defendant's motion for summary judgment was denied.

Defendants' motion in the instant case was filed on February 6, 1961, and was argued for the second time on February 26, 1965, which date was before the date set for the pre-trial conference. This conference had to be continued due to engagements of counsel and has not yet been held. Defendants' motion cannot, therefore, be said to interfere in any way with the trial of the case.

For the reasons stated above, defendants' motion for summary judgment must be granted as to defendant Deal and denied as to defendant Lucas.

### ORDER

AND NOW, March 24, 1965, IT IS ORDERED that:

(a) defendants' Motion for Summary Judgment (Document 16) is GRANTED as to defendant George J. Deal and is DENIED as to defendant J. Lucas;

---

assumed unfairness of binding one party to a proceeding by the rules of res judicata while the other party is not bound: where there is a new adversary who was not privy to the first action, since the second adversary would not be bound by the rules of res judicata, the person who was a party to the first proceeding should not be bound either. This desirability for equality between litigating parties with reference to the rules of res judicata is not, however, of pervading importance and disappears when there are countervailing reasons for requiring one to be bound while the other is not."

The case of Makariw v. Rinard, 336 F.2d 333 (3rd Cir. 1964), is distinguishable in that the party against whom the claim was being asserted in that case had never had an opportunity to contest the issue of fault. It is recognized that this paragraph modifies the last paragraph of the first column on p. 69 of the opinion at 203 F.Supp. 66.

8. 50 Iowa L.Rev. 27 (1964), "Preclusion/Res Judicata Variables: Parties," Allan D. Vestal; Mooney v. Central Motor Lines, Inc., 222 F.2d 572 (6th Cir. 1955). There is attached as an appendix a more complete statement of the facts bearing on the suit against Lucas.

(b) it is expressly directed that final judgment shall be entered in favor of the defendant, George J. Deal, and against the plaintiff, William A. Moore, since it is expressly determined that there is no just reason for delay (see F.R.Civ.P. 54 (b)); and

(c) the undersigned states, pursuant to 28 U.S.C. § 1292(b), that the order in section (a) above, denying the Motion for Summary Judgment as to defendant J. Lucas, involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from such order may materially advance the ultimate termination of this litigation.

### APPENDIX TO MEMORANDUM OF MARCH 24, 1965, IN CIVIL ACTION NO. 26533

The undersigned is of the opinion that the policies underlying the principle of res judicata may require a finding that the plaintiff, Moore, is precluded from bringing the present action against Lucas by reason of the stipulated judgment entered in Civil Action No. 24142. Lucas, the driver of the truck involved in the accident from which both causes of action arose, was not a party to Civil Action No. 24142, although plaintiff's claim in that action was based in part on the negligence of Lucas in operating the truck.* Lucas was also present and testified in both jury trials in Civil Action No. 24142.

Although Lucas was not an adversary in Civil Action No. 24142, the issue of Moore's negligence, decided conclusively in that action by the stipulated judgment, is identical with the issue presented in the present action; i. e., if Moore was negligent, he is not entitled to recovery against either Deal or Lucas in Civil Action No. 26533. Moreover, Moore, the party against whom the claim of preclusion is being asserted, was a party to the prior adjudication and had the opportunity to present evidence and contest the issue of fault fully in that action. The fact that the present action is against a new adversary may not justify taking the court's time to give Moore a second opportunity to litigate the very issue determined adversely as to him in the first action. The undersigned believes that it would be very helpful to the disposition of many cases in this court if the Court of Appeals could decide the application of the principles of res judicata and collateral estoppel to the situation presented by this record as to defendant J. Lucas.

If it were not for the decisions of the United States Court of Appeals for the Third Circuit cited at page 1006 above, the Pennsylvania cases cited in those decisions, and the provisions of the Restatement of Judgments cited above (especially § 96 and Comment a), the undersigned would enter judgment for the defendant Lucas on this record.

---

* There was also evidence which would support a finding of a violation by the owner of the truck (Deal), a defendant in both actions, of various ICC regulations pertaining to lighting of the vehicle and the maximum driving hours for truck drivers.