Viola **PANTO**

v.

**SAFEWAY TRAILS, INC.,** Defendant,

v.

**PLYMOUTH BUS COMPANY,** doing business as **Ray's Bus Company**

and

**Starr Transit Company, Inc., Third-Party Defendants.**

Civ. A. No. 33154.

United States District Court
E. D. Pennsylvania.

Oct. 19, 1966.

---

6. Note 1, supra.

Thomas M. Foglietta, James E. Beasley, Philadelphia, Pa., for plaintiff.

John F. Naulty, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

FULLAM, District Judge.

On June 24, 1961, there was a collision between two busses on the New Jersey Turnpike, resulting in personal injuries to, and litigation by, numerous passengers. The plaintiff in the present case, Viola Panto, sued Safeway Trails, Inc., the owners and operators of the bus in which she was riding; and Safeway in turn brought a third-party claim against Plymouth Bus Company, its counterpart as to the other vehicle involved in the collision.

Earlier, one Joseph Funnie, another passenger in the Safeway bus, brought a similar action and Safeway similarly impleaded Plymouth. The issue now before the court is whether the final result of the earlier litigation is conclusive in the present case, insofar as the third-party phase is concerned. We hold that it is. The jury in the Funnie case exonerated Plymouth, and it is our conclusion that this determination binds Safeway in the present litigation, by way of collateral estoppel. ●

■ The doctrine of collateral estoppel by judgment operates to prevent the same parties from relitigating ultimate factual issues which have actually been ●

litigated and finally determined in adversary proceedings between them. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1876). See, generally, Moore's Federal Practice, ¶ 0.441 et seq.

■ It is clear that Safeway and Plymouth were adversary parties in the third-party aspect of the Funnie litigation; Pearlman v. Truppo, 159 A 623, 10 N.J.Misc. 477 (1932); Donofrio v. Farr Lincoln Mercury, Inc., 54 N.J. Super. 500, 149 A.2d 611 (1959); Simodejka v. Williams, 360 Pa. 332, 62 A. 2d 17 (1948). See also Chikotas v. American Buslines, Inc., 192 F.Supp. 762 (E. D.Pa.1960). In this respect, the present situation differs from those in which suit is brought originally against joint tortfeasors. Compare: Kimmel v. Yankee Lines, 224 F.2d 644 (3d Cir. 1955); and see, A.L.I. Restatement, Judgments § 82.

■ The jury in the Funnie case expressly found that Plymouth was not negligent. It is conceded that the same collision is involved in the present case, and that Funnie and our plaintiff were passengers in the same bus. And while it is possible to conceive of unusual factual situations in which the driver of the other vehicle might be negligent as to one passenger and remain free from negligence as to another, no such possibility is suggested here. It was conceded at argument that there is no distinction among the passengers in the Safeway bus, insofar as any alleged negligence of Plymouth is concerned.

Accordingly, Safeway should not be permitted to relitigate the issue of Plymouth's negligence in the present action. The decision of this Court in Sullivan v. Gist, 159 F.Supp. 928 (E.D.Pa.1958), is controlling.

For the foregoing reasons, we entered an order from the bench in this case, on October 18, 1966, granting the motion for summary judgment in favor of the third-party defendants.