Lawrence George **NEAL**

v.

**Thomas J. GANNON, Jr., Parent and Natural Guardian of Ellen Irene Gannon, a minor, and Eileen Ohlrich.**

**Civ. A. No. 6–71 Erie.**

United States District Court,
W. D. Pennsylvania.

Feb. 7, 1972.

David Lund, Erie, Pa., Robert Lieberman, Buffalo, N. Y., for plaintiff.

John G. Gent, Irving O. Murphy, Erie, Pa., for defendants.

**MEMORANDUM AND ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT GANNON**

KNOX, District Judge.

On April 23, 1969, an automobile accident occurred at the intersection of Peach Street and Thirty Eighth Street in the City of Erie. The Gannon and Ohlrich automobiles collided at this intersection and the Gannon car then struck the plaintiff's car, which was stopped on Peach Street for a red light north of the intersection. Neal sued both Gannon and Ohlrich as joint tortfeasors, contending that one or both were negligent in the operation of their respective motor vehicles. Neither Gannon nor Ohlrich filed a crossclaim against the other, though at trial each claimed the accident resulted from the negligence of the other. The jury returned a verdict in favor of Neal and against the defendant Gannon only. The defendant Ohlrich presently asks that this court enter judgment in her favor against the defendant Gannon although no crossclaim was ever filed.

The sole issue presently before this court is whether one defendant may obtain judgment against the other defendant based on a verdict for the plaintiff against only one defendant where the two defendants are only co-defendants and no crossclaim has been filed.

The Restatement of Judgments Section 82 is pertinent to a consideration of this question: "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

Comment (a) states the rationale of this Section of the Restatement as follows:

"The rules of res judicata are based upon an adversary system of proce-

dure which exists for the purpose of giving an opportunity to persons to litigate claims against each other. Because of this, the claims of persons who are not parties to the action are not . . . affected either by the judgment or by the litigation of any issue upon which the judgment depends. For the same reason persons who, although parties to an action, do not have an opportunity of litigating between themselves the correctness of a determination which is the basis of the judgment for or against them, are not concluded, in a subsequent action between them, by such determination."

A later comment notes that "where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend upon his liability to the injured person". The following situation is given as illustrative: "A and B are driving automobiles which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car."

Adopting the Restatement of Judgments Sec. 82 as the law of Pennsylvania, the Third Circuit considered the issue in Kimmel v. Yankee Lines, 224 F.2d 644 (3d Cir. 1955). In the Kimmel case, a guest passenger sued the driver of his car and the driver of the truck involved in the collision. The plaintiff-passenger obtained a verdict against both defendants; but a judgment n. o. v. was granted for $D_2$, who was the driver of the truck. The driver of the car, $D_1$, later sued $D_2$ for personal injuries. $D_2$ un-successfully claimed that the issue of negligence was determined against $D_1$ in the prior suit and that it was res judicata in the second suit.

In answer to defendant Ohlrich's somewhat novel request for judgment, this court holds that since defendant Ohlrich chose to remain in a non-adversary position with defendant Gannon and filed no crossclaim in the suit, under Rule 13(g), the issues between the defendants were not decided. This being so, the verdict in favor of plaintiff and against defendant Gannon can in no way operate as a verdict in favor of defendant Ohlrich and against defendant Gannon. Therefore, defendant Ohlrich's Motion for Judgment will be denied.